Landon vs. Burke and another.

LANDON vs. BURKE and another.

JUDGMENT: (1) *Of foreclosure: Where judgment by default taken.* (2) *Strict foreclosure.* (3) *Vacating judgment: Practice on motion to vacate — Whether errors will be reviewed — Laches.*

1. Under ch. 243, Laws of 1862, sec. 1 (Tay. Stats., 1703, § 10), as amended by ch. 13, Laws of 1872, where an action to foreclose a mortgage of land is commenced in the county where the land lies, a judgment in default of an answer may be taken at a special term of the court in which the action is pending, *held in another county.*

2. Whether, since the passage of ch. 72, Laws of 1872, the general terms of the circuit court held in any county of the fifth judicial circuit would still be special terms for each other county of said circuit, *by virtue of ch. 15, Laws of 1865, and ch. 6, Laws of 1868,* is a question not here decided.

3. Under ch. 170, Laws of 1867, as amended by ch. 42, Laws of 1869, in *all civil actions* pending in any circuit court, when no issue of fact or law has been joined therein, and the time therefor has expired, the judge of the court is authorized to sign a judgment therein *at any general or special term of court in his circuit, etc.: Held,*

    (1) That this provision applies to actions for the foreclosure of mortgages.

    (2) That it makes each term of the circuit court in any judicial circuit, a *special term* for each county of such circuit, for the purpose named.

4. To secure the payment of a debt, A. conveyed land in G. county to B., by a deed absolute on its face, and B. executed back to A. a contract to sell the land to him on payment of a specified sum.   Default being made in such payment, plaintiff, as assignee of B., brought his action in G. county for a *strict foreclosure* of the contract, and, in default of an answer, took judgment as demanded, at a special term of the G. circuit court held in another county.   *Held,* that the court had jurisdiction, and the judgment was valid.

Landon vs. Burke and another.

5. Defendants were personally served in the action, April 8, 1872; the judgment was rendered July 9th following, and was filed and entered by the clerk of the circuit court in G. county two days afterward; and it gave defendants until December 31st of that year to make payment. A regular term of the circuit court for G. county was held in September, 1872, at which no proceedings were had in the cause; and on the 30th of December defendants obtained a stay of proceedings, and moved at the March term, 1873, to vacate the judgment and permit an answer to be filed, on the ground that the principal defendant (who was a married woman) was ignorant of business, and left the whole matter with her codefendant (who was her husband); that the latter was sick, etc., and supposed that judgment could not be taken until the September term of the court, and was greatly surprised by the rendition of the judgment in another county. The proposed answer merely sets up the facts above stated as to the purposes for which the land was deeded to B., and the contract for a sale executed by him, and that plaintiff had knowledge of these facts. *Held*,

(1) That the judgment could not be vacated *after the term* at which it was rendered for any error committed in rendering it, but only on the ground that it was obtained through the mistake, inadvertence, surprise, or excusable neglect of defendants. *Spafford v. Janesville*, 15 Wis., 474, and other cases in this court.

(2) That on appeal from an order denying the motion to vacate, this court cannot consider the question whether the judgment was erroneous in not providing for a *sale* of the premises.

(3) That as defendants admit and seek to excuse their nonappearance within the time for answering, any defect in the form of plaintiff's affidavit of such nonappearance is unimportant.

(4) That a clerical error in the date of the *jurat* to such affidavit is amendable.

(5) That the defendant were guilty of gross *laches* in moving to set aside the judgment, and the motion was properly denied.

APPEAL from the Circuit Court for *Grant* County.

Action to foreclose the interest of the defendants in real estate, held under a land contract. The complaint states that on or about the 24th day of February, 1870, one George Ryland was the owner in fee simple of certain lands therein described; that on that day he entered into a contract in writing (which is inserted in the complaint), for the sale to the defendant *Ann E. Burke* of the lands aforesaid; that she has failed to

make a certain payment thereon according to the terms of such contract; and that Ryland has duly conveyed and assigned to the plaintiff all of his interest in such lands and contract. The lands are situated in the county of Grant. The relief demanded is a strict foreclosure of the defendants' right, title and interest in and to the premises described, unless the amount due and unpaid on the contract be paid within some reasonable time to be fixed by the court; and there is also a prayer for a general relief.

The action was commenced in the circuit court for Grant county, and the summons was personally served on both of the defendants on the 8th day of April, 1872.

The defendants failed to appear to the action, and at a regular term of the circuit court for La Fayette county, which, by statute, was also a special term for Grant county, and on the 9th day of July, 1872, judgment in due form was rendered by the court, granting the relief demanded in the complaint unless the defendants should pay the amount due on such contract, and costs, on or before the 31st day of December, 1872. This judgment was filed and entered in the office of the clerk of the circuit court for Grant county, on the 11th day of July in the same year.

On the second Tuesday in September in that year, a regular term of the last mentioned court was begun and held, but no proceedings were had in this action during such term.

On the 30th day of December, 1872, the defendants presented to the judge of said court an affidavit of the defendant *Abdon L. Burke*, and a proposed answer duly verified, and obtained an *ex parte* order staying proceedings for twenty days, which order, on the 18th day of January following (due notice of motion therefor having been served on the attorneys for the plaintiff), was by said judge extended until the further order of the court. Such orders were made to enable the defendants to move at the next term of the court to vacate the judgment and permit the defendants to answer the complaint. The last

mentioned motion was made at the March term, 1873, of said court, founded upon the affidavits of the defendants and the proposed answer, and, after argument by counsel, was denied by the court.

The proposed answer simply alleges that the defendants, at the date of the said contract, borrowed $1,100 of Ryland, and purchased of him certain stock in a woolen mill for $400 more, and that, to secure the payment of the indebtedness thus accruing, they conveyed to Ryland the land in question, and took back the contract set out in the complaint; that the plaintiff had notice of the transaction; and that the defendants had been in possession of the lands for many years.

The affidavit of *Mrs. Burke* is to the effect that she is the real party in interest; that she is inexperienced in matters pertaining to lawsuits; that when the summons herein was served upon her, she left the whole management of the defense to her husband; and that from ill health or other cause he wholly neglected to attend to such defense, or to employ counsel in the action, until long after judgment was rendered therein by default.

The material portion of the affidavit of the defendant *Abdon L. Burke* is as follows: "That ever since the service of the summons in this action upon the defendants, his codefendant has left the defense of this action entirely to this affiant, who then had and still has charge of all her business affairs; that he did not take steps to defend this action within twenty days after the service of said summons, because he supposed that no judgment in favor of the plaintiff could be rendered in said action before the September term of said court, 1872, and he believed that before the rights of his codefendant should suffer any material injury by reason of said action, he could pay the full amount due on the contract mentioned in the complaint, and thus save the expense of contesting said action; that he was greatly surprised by the plaintiff's taking judgment in this action at the June term of the circuit court for La

Fayette county. Affiant further says that at the time said summons was served upon the defendants, he was sick and nearly blind with sore eyes, and suffering such intense pain therefrom that he was almost constantly confined to his house, and it was only with great difficulty that he could attend to any business; and that by reason of said sickness he was unable for a long time after the service of said summons, and for a long time after the expiration of twenty days thereafter, to counsel understandingly or act with good judgment in relation to the defense of said action. Affiant further says that he was not aware of the rendition of any judgment in said action until a long time after it was rendered."

From the order of the circuit court denying the motion to vacate the judgment and for leave to answer, the defendants have appealed to this court.

*Bushnell & Clark*, for appellants:

1. The transaction was a legal mortgage, and may be so shown by parol proof. Washb. R. P., 36; id., 7, 8, 12; *Rogan v. Walker*, 1 Wis., 527; *Orton v. Knab*, 3 id., 576; *Croft v. Bunster*, 9 id., 508; *Marvin v. Titsworth*, 10 id., 326; *Second Ward Bank v. Upmann*, 12 id., 507–8; *Plato v. Roe*, 14 id., 453; *Yates v. Yates*, 21 id., 473; *Wilcox v. Bates*, 26 id., 465; *Ragan v. Simpson*, 27 id., 355. This being so, the equity of redemption could not be foreclosed without a sale of the mortgaged premises, except by the consent of parties in open court. Laws of 1859, ch. 195, sec. 5 (Tay. Stats., 1702, § 6). *Button v. Schroyer*, 5 Wis., 598, and *Baker v. Beach*, 15 id., 99, apply only to the ordinary contract for the sale and conveyance of land. In *Plato v. Roe*, 14 Wis., 453, the borrower took a *lease* back from the lender, and, after the expiration of his term, asked the intervention of equity to prohibit the prosecution of an action at law by the landlord. None of these decisions are applicable to the case shown by the answer here proposed. By the act of 1859, the legislature evidently designed to establish a uniform rule for the foreclosure of *all* mortgages, whether

equitable or legal, whether express or implied. There is no difficulty in applying it to all; and the court will not interpolate words to limit the plain intention of the act, even though it should contravene some of its former decisions. 2. The affidavits and verified answer of defendants entitled them to relief from the judgment, and the privilege of answering, under Tay. Stats., ch. 125, § 42 (p. 1446), it being a clear case of " mistake, inadvertence or surprise, or excusable neglect," on the part of *Mrs. Burke.* The statute "is broad and liberal, and should be administered in a liberal spirit for the promotion of justice." *McLaren v. Kehlor,* 22 Wis., 300; *Beriline v. Bauer,* 25 id., 486. The " discretion " spoken of in the statute is a sound legal discretion — such action in the premises as will promote the ends of justice and protect the rights and interests of parties. *Johnson v. Eldred,* 13 Wis., 485. See *Stafford v. McMillan,* 25 Wis., 566; *Butler v. Mitchell,* 17 id., 52. 3. The judgment should be set aside for irregularity. Under this head counsel contended, (1) That the affidavit of no answer appeared to have been sworn to long before the suit was commenced (*Brian v. Casey,* 2 Abb. Pr. R., 416); and (2) That although there was no answer, the relief granted the plaintiff exceeds that demanded in the complaint.

*Wm. E. Carter,* for respondent, argued that all mortgages are divisible into two classes: 1. Mortgages in form as well as in fact, embracing all instruments which purport upon their face to be mortgages; and 2. All instruments or transactions which amount to mortgages in fact, though not such in form, embracing (1) the case where one sells land to another, giving the purchaser a contract to convey upon payment, part of the purchase money being paid and possession taken, and the title being withheld as security for the remainder of the purchase money; (2) the case where a borrower conveys the fee of his land to the lender by a deed absolute on its face, but in reality as a security for the loan; and perhaps other cases. He further argued that sec. 5, ch. 195, Laws of 1859 (Tay. Stats., 1702,

§ 6) either includes *all* these various forms of mortgages, no matter how created, or applies only to the *first* class; and he contended that it includes the first class only. *Button v. Schroyer*, 5 Wis., 598; *Plato v. Roe*, 14 id., 453; *Baker v. Beach*, 15 id., 99. On the authority of these cases, the court properly rendered a judgment of *strict* foreclosure. 2. Counsel contended that even if the judgment was erroneous in not providing for a sale, or was irregular in other respects, such errors could not be reviewed on this appeal. *Edwards v. Janesville*, 14 Wis., 26. 3. He argued that defendants had shown no sufficient excuse for not answering, and that their proposed answer set up no defense.

LYON, J.   I. The first question which demands our attention is, whether the judgment was lawfully rendered at a term of the circuit court for La Fayette county; for if it was not, it is a nullity, and the court should have expunged it from the records whenever its attention was called to the fact.

Ch. 243, Laws of 1862, sec. 1 (Tay. Stats., 1703, § 10), as amended by the Laws of 1872, ch. - 13, provides as follows: " All actions hereafter commenced in any court of this state, for the foreclosure or satisfaction of a mortgage upon real estate, shall be commenced, tried and determined in the county where the mortgaged premises, or some part thereof, are situated; *provided*, that the court in which any such action shall be pending, may award a change of venue therein, upon the application of either or any party thereto, for the same causes, and in the same manner, as in other civil actions; *and provided*, that any motion, demurrer or issue of law, in any such action, may be heard and determined at any special term of the court in which said action is pending, whether such term be held in said county or not; *and provided, further*, that judgment by default may be taken in any such action at any such special term of said court."   The last two *provisos* were added by the amendment of 1872.

Landon vs. Burke and another.

It is not denied that the term of the circuit court at which the judgment in this action was rendered, was a special term of the circuit court for Grant county, although the same was held in another county. See Laws of 1865, ch. 15; id., ch. 133; Laws of 1868, ch. 6.

This is, in substance, an action to foreclose a mortgage of some kind upon real estate. It was commenced in the county where the mortgaged premises are situated, and judgment by default was rendered in the action at a special term of the court in which the same was commenced. It seems clear, therefore, that the judgment was lawfully rendered at such term, although the same was not held in the county in which the action was pending.

The learned counsel for the defendants treat the law of 1872, above cited, as an amendment to ch. 170, Laws of 1867, and their argument on this branch of the case is based upon that hypothesis. The foregoing law of 1862, as amended by the law of 1872, is perfectly clear and unambiguous in its terms, and does not require or admit of interpretation or construction, other than what its language plainly imports.

II. The court having jurisdiction to render the judgment, we cannot, upon this appeal, determine whether it has rendered the proper judgment. To do so would be to make this appeal (which is from an order denying a motion to vacate the judgment and for leave to answer) perform the functions of an appeal from the judgment. Such practice, this court has frequently held to be erroneous. *Edwards v. Janesville*, 14 Wis., 26; *Spafford v. Janesville*, 15 id., 474; *Flanders v. Sherman*, 18 id., 575; *Ætna Life Ins. Co. v. McCormick*, 20 id., 265; *Hartshorn v. The Mil. & St. Paul R'y, Co.*, 23 id., 692.

In *Spafford v. Janesville*, the chief justice employs the following language: "Except in cases of mistake, inadvertence, surprise or excusable neglect, mentioned in the statute, where relief may be granted within one year after notice, we know of no law, statute or common, authorizing the court, upon motion,

*after* the term at which it was entered, to vacate a judgment for error in law or fact committed in rendering it, or occurring before it was pronounced. If such a practice were tolerated. no one knows where it would end. Parties would never be secure in their rights, and judgments would be of as little account as the course of the wind." (p. 477.)

In *Ætna Life Ins. Co. v. McCormick, supra,* Mr. Justice Dow-NER says: "It is well established by the rules of the common law, that a court has no power to review or reverse its own judgment of a previous term; that is, as to all matters on which the mind of the court did act, or is presumed from the record to have acted, in the rendition of the judgment, it is precluded from again acting at a subsequent term, and changing its opinions or altering its decisions." It follows from the above cases, that, although it be conceded that the judgment should have been for a sale of the premises, instead of a strict foreclosure, or, although the judgment may be too severe against the husband, still the circuit court had no power, after the term at which it was rendered, to vacate it for those reasons. The only power or control it then had over the judgment, was to correct mistakes in form or clerical errors, to vacate it, if it is a void judgment, or (the same being valid) to relieve the defendants from it if obtained through their "mistake, inadvertence, or suprise, or excusable neglect." R. S., ch. 125, sec. 38.

Hence, on this appeal we are not to enquire whether the judgment should have been for a sale of the mortgaged premises, or otherwise, or whether it is too severe against both or either of the defendants in other respects; and anything I might say upon those subjects might justly be characterized as *obiter dictum.*

Some exception is taken to the form of the affidavit of nonappearance of the defendants, and to the date of the jurat thereto, which is clearly a clerical mistake and amendable. It will be sufficiently early to criticise that affidavit when the defendants aver that they did appear to the action within twenty

Landon vs. Burke and another.

days after personal service of the summons upon them. Inasmuch as they are before the court endeavoring to excuse their failure thus to appear, the form of the affidavit of nonappearance is of but little importance.

III. It is an elementary rule of practice, and one of universal application, that when a party who has been personally served with process, seeks to be relieved from a judgment by default regularly entered against him, he must use reasonable diligence in making the application. In this case the summons was personally served on both the defendants on the 8th day of April, 1872. The defendants knew perfectly well the nature and objects of the action; the summons informed them in plain language that they were required to answer in twenty days after such service; there was nothing complicated or intricate in the case; and they resided within a very few miles of Lancaster, where they could easily have obtained the very best of legal counsel. The only mistake or surprise they allege is, that the judgment could have been and was rendered at the term of the court held in La Fayette county in July. They knew that a term of the circuit court would be held in Grant county in September, at which a judgment might be taken against them in the action (unless taken before that time), yet they made no movement in the case at that term, and they fail entirely to give any reason or excuse for their neglect. It does not appear that either of them was then sick or blind, or ignorant that a judgment had been obtained against them. Not only did they let that term pass without moving in the action, but they waited quietly nearly four months after the commencement of such term, without offering any excuse for such delay, and then, on the last day of grace save one, extended to them by the judgment of the court, they, for the first time, take steps looking to a motion to be made at the next term, to be held in March, 1873, to vacate the judgment and for leave to answer. When the motion was finally disposed of, nearly a year had elapsed after service of the summons.

It is idle to cite cases to show that these defendants have failed to move in this matter with reasonable diligence. They have been guilty of gross laches, and no case can be found, which is worthy of being considered and taken as authority on the subject, which holds that a party in default ought to be relieved and permitted to answer, under such circumstances. To grant the defendants the relief they ask, would be to violate a most just and reasonable rule of practice, at the risk of inflicting a wrong upon the plaintiff.

*By the Court.*—The order of the circuit court is affirmed.

The appellant moved for a rehearing.

LYON, J. The decision of this appeal was placed upon the ground that the term of court in La Fayette county, at which the judgment herein was rendered, was a special term of the circuit court for Grant county, in which the action was pending, and that the judgment was properly rendered in the former county by virtue of chapter 243, Laws of 1862, as amended by the laws of 1872, chapter 13.

Our attention is now called for the first time to chapter 72, Laws of 1872, which changes the times for holding the *general* terms of the circuit courts in the fifth judicial circuit, and is silent as to the special terms. Because it is thus silent, it is argued that the act repeals, by necessary implication, those provisions of the Laws of 1865, chapter 15, and the Laws of 1868, chapter 6, which it was held constituted the term in La Fayette county at which the judgment was rendered, a special term of the circuit court for Grant county.

Conceding, for the purposes of this case, that the position is well taken — that the general terms of the circuit court in that circuit are no longer, by virtue of the acts of 1865 and 1868, special terms for each county therein (a point which we do not decide) — we still think that other enactments have made each term of the circuit court in any given judicial circuit, a special

Landon vs. Burke and another.

term for the purposes of taking proofs and rendering judgment by default in a foreclosure action pending in the circuit court for any county in such circuit.

Section 1 of chapter 170, Laws of 1867, provided as follows: "*In all civil actions* now pending or which shall hereafter be commenced in any circuit court in any of the judicial circuits in this state, in which the time allowed by law therefor has expired, or shall expire without any issue, either of law or of fact having been or being joined therein, it shall be lawful for the judge of said court, upon the application and motion of the plaintiff in such action, upon such notice to the adverse party as is now required by law in cases where notice of application for judgment is required, and without notice to the adverse party in cases where by law no notice is now required, to sign a judgment or decree *at any general or special term of court in his circuit*; and the judgment or decree *in any action*, so signed, shall be filed in the office of the clerk of the court in which such action shall be pending, and shall have the same effect and be enforced as if the same had been signed during a regular term of said court." Section 2 of the act excepts Grant county from the operation thereof; but that section was repealed by chapter 42, Laws of 1869. The act of 1867 has been amended by inserting therein a provision that the proofs and testimony taken in the action shall also be filed with the clerk of the court in which the action is pending. Laws of 1872, ch. 38.

The act of 1867, by its terms, is applicable to *all civil actions ;* and certainly this is a civil action. We are not aware of the existence of any principle of statutory construction, which authorizes us to interpolate an exception, which will exclude from the operation of the act an action to foreclose a mortgage. It is a cardinal rule of interpretation, that general words in a statute must receive a general construction, unless there be something in it to restrain them ; and we find no restraining words in the act of 1867. For a full consideration of this rule,

and of many of the cases in which it has been applied, see the opinions of the chief justice in *Harrington v. Smith*, 28 Wis., 43, 60; and *Fallass v. Pierce*, 30 id., 443, 460. We must hold, therefore, that this action is within the provisions of the law of 1867, as amended, and that the judgment was properly signed at the La Fayette circuit.

The amendment to chapter 243, Laws of 1862, contained in chapter 13, Laws of 1872, seems to have been unnecessary, in that it worked no change in the law; but probably it was enacted to settle any question which had been or might be made, as to the true construction of the act of 1867.

Although not deemed essential to the decision of this motion, it may be further observed that a special term of a court is a term at which only certain specified judicial acts, which can only be done in term, may be done. Such is the significance of the phrase, as it comes to us from the jurisprudence of New York, where it is believed to have originated. The old supreme court of that state held four terms in each year. These were denominated *general* terms, because at such terms there was no restriction upon the court in the exercise of its whole jurisdiction. But in 1830 the legislature provided for other terms of the court, at which only certain specified matters could be heard and determined; and because thereof, these came to be called special terms. 1 Graham's Pr. (3d ed.), 34; Laws of New York 1830, p. 208.

If we are correct in holding that a judgment by default in a foreclosure action pending in the circuit court for Grant county may properly be signed at a general term of the circuit for La Fayette county, it necessarily follows that the latter is a special term of the circuit court for Grant county.

A reconsideration of the whole case confirms us in the opinion that it was correctly decided in the first instance. The motion for a rehearing must be denied.

*By the Court.* — Motion denied.