## Loomis vs. Rice and others.

JUDGMENT. (1) *Court no power to vacate, for error of court, at subsequent term.*

COSTS. (2) *May be awarded in action by tax title owner to bar former owner.*
(3) *Case stated. Application to vacate judgment for costs, held too late.*

1. It is well settled in this state, that the circuit court has no power to vacate a judgment at a subsequent term for mere *error of the court;*

Loomis vs. Rice and others.

though the statute gives it power to relieve a party from a judgment obtained against him through his mistake, surprise or excusable neglect, at any time within one year after notice given him of such judgment. R. S., ch. 125, sec. 38.

2. In an action under ch. 22 of 1859, by the holder of a tax deed, to bar the former owner, the court, in rendering judgment for plaintiff on the merits, may award him costs. Sec. 39 of said chapter, and R. S., ch. 133, secs. 38, 40.

3. Where, in such an action, judgment for costs was rendered against *all* of the defendants, and it appeared *at the next term,* by verified petition of several of them, that the petitioners had no interest in the land at the commencement of the action, the court made an order that the judgment for costs against the petitioners be set aside and declared null and void. *Held,* that as this order was not an exercise of the power conferred by sec. 38, ch. 125, R. S., above recited, but was based upon a supposed error in the judgment, the court had no power to make it after the term at which such judgment was rendered.

APPEAL from the Circuit Court for *Manitowoc* County.

The plaintiff, as grantee in certain tax deeds, brought this action pursuant to ch. 22, Laws of 1859, to bar and foreclose the right, title and interest of the former owners thereof, in the lands conveyed by such deeds. Judgment for the plaintiff for the relief demanded, and awarding costs against the defendants, was rendered at the December term of the circuit court, in 1873. At the June term of said court, in 1874, the defendant *George Reed* presented his petition to the court, duly verified, stating that, at the commencement of the action, the petitioner and the defendant *Juliette S. Reed* had no interest in such lands, and that the interest of the defendant Bulkley was only that of a mortgagee, and praying that as to those three defendants the judgment for costs be set aside and declared null and void.

The court granted the prayer of such petition, and made an order that the judgment for costs be set aside and declared null and void, as against the three last named defendants. The plaintiff appealed from that order.

Loomis vs. Rice and others.

*R. P. Eaton*, for appellant.
*Goodwin & Adams*, for respondents.

LYON, J. The learned circuit judge evidently thought that the court had no power to award costs against the defendants, But in this we think he was in error. The action, although governed by somewhat peculiar statutory provisions, is essentially an equitable one; and we cannot doubt that the law confers upon the circuit court the power to award costs to the plaintiff. R. S., ch. 133, secs. 38 and 40. The act under which the action was brought (Laws of 1859, ch. 22), clearly recognizes the existence of such power; for, in sec. 39, we find a provision for the adjustment of costs in a certain contingency. Hence the judgment for costs is not null and void, for want of power in the circuit court to render it.

The judgment being valid, the only question to be determined is, whether the circuit court has power to vacate it at a term subsequent to that at which it was rendered.

It has been held by this court in several cases, and is well settled in this state and elsewhere, that the court has no power to vacate a judgment, at a subsequent term, for mere error of the court. That power only exists in cases of mistake, inadvertence, surprise or excusable neglect, and is given by statute. R. S., ch. 125, sec. 38. *Spafford v. Janesville*, 15 Wis., 474; *Ætna Ins. Co. v. McCormick*, 20 id., 265; *Landon v. Burke*, 33 id., 452, and other cases there cited; *Scheer v. Keown*, 34 id., 349; *Durning v. Burkhardt*, id., 585. Manifestly the order appealed from was made for the purpose of correcting a supposed error in the judgment, and had no reference to the statute last cited. The above cases abundantly show that the power of the circuit court to make the order ceased with the term at which the judgment was rendered. We are compelled to hold, therefore, that the circuit court had no power to vacate the judgment for costs at the June term, 1874.

*By the Court.* — Order reversed.