### FORNETTE and another vs. CARMICHAEL.

PRACTICE.    *Vacating judgment at subsequent term.*

It is the settled law of this state, that, except in cases provided for by the statute (sec. 38, ch. 125, R. S.), a court cannot, upon motion, vacate a judgment after the term at which it was rendered, for error in law or in fact committed in rendering it, or occurring before it was pronounced.

APPEAL from the Circuit Court for *Chippewa* County.

This action was tried at the December general term of the circuit court, and a verdict rendered for the plaintiff by direction of the court. Various exceptions were taken by the defendant upon the trial to the rulings of the court, and to the direction of the verdict, all of which were incorporated in a bill of exceptions; and a motion was made upon the latter for a new trial, at a subsequent special term of said court held in another county. From an order denying this motion, defendant appealed.

*Arthur Gough*, for appellant, contended, among other things, that the motion for a new trial was properly made upon a bill of exceptions settled after judgment, being authorized by subd. 3, sec. 10, ch. 264, Laws of 1860, and sec. 17, ch. 132, R. S.; that this is to be inferred from the evident pains taken in secs.

1, 2 and 3, ch. 115, Laws of 1866, to grant a new trial in all cases where a bill of exceptions cannot be settled, a provision which would otherwise give suitors in such cases a great advantage over others; that a different rule would necessitate the practice of staying judgment in all cases for at least one term, whether an appeal was intended or not; and that the judgment was not perfected, because no notice of its entry had been served on the appellant, and the case was therefore settled in time, whatever the rule. 46 N. Y., 598; *Jones v. Evans*, 28 Wis., 168; *Riley v. Mitchell*, 37 id., 612; and Tay. Stats., ch. 139, § 13.

*Bingham & Jenkins*, for respondent, relied upon *Scheer v. Keown*, 34 Wis., 349.

COLE, J. On the 18th day of December, 1874, at the general term of the circuit court for Chippewa county, a judgment on the verdict was entered in this cause. At a special term of the circuit court for that judicial circuit, held for the county of St. Croix on the 10th day of May, 1875, a motion was made by the defendant for a new trial on a bill of exceptions. The motion was denied, and this is an appeal from the order denying the same. We do not find in the record the motion, and we are therefore entirely in the dark in respect to the grounds upon which it was based. We presume, however, that the motion for a new trial was founded upon some alleged erroneous ruling of the court made upon the trial; or because the court directed a verdict for the plaintiffs. Whether we are right in this inference or not, certain it is that upon this record the order must be affirmed. The motion was made at a term subsequent to the one at which the judgment was entered; and there is no claim or pretense that the defendant presented a case which would warrant the court in setting aside the judgment under sec. 38, ch. 125, R. S. This court has repeatedly decided that except on some ground or for some reason coming within the spirit and meaning of this provision, "the court, in

·causes tried by it, cannot upon motion vacate a judgment *after* the term at which it was entered, for error in law or fact committed in rendering it, or occurring before it was pronounced. *Edwards v. Janesville*, 14 Wis., 26; *Spafford v. Janesville*, 15 id., 474; *Flanders v. Sherman*, 18 id., 575, 593; *Ins. Co. v. Mc-Cormick*, 20 id., 265; *Hartshorn v. Railway Co.*, 23 id., 692; *Landon v. Burke*, 33 id., 452." This language and these citations will be found in the opinion of DIXON, C. J., delivered in *Scheer v. Keown*, 34 Wis., 349, where the question was again considered and determined; which opinion ought to settle finally and conclusively this matter of practice. And to the same effect are the decisions in *Durning v. Burkhardt*, 34 Wis., 585; *Loomis v. Rice*, 37 id., 262; and *Herman v. Mason*, id., 273.

It would be idle, and it surely cannot be expected, that the reasons and authority for these numerous decisions should be restated; and it is sufficient to say that they will be adhered to as a correct exposition of the law upon this subject, until they are changed, or are rendered inapplicable, by some act of the legislature. They fully apply to the case before us, and show that the order appealed from was correct.

*By the Court.* — The order of the circuit court is affirmed.

RYAN, C. J., took no part in the decision of this cause.