Milwaukee Mutual Loan & Building Society vs. Jagodzinski and wife.

---

The MILWAUKEE MUTUAL LOAN & BUILDING SOCIETY, Appellant, vs. JAGODZINSKI and wife, Respondents.

*December 8, 1892 — January 10, 1893.*

*Vacating judgment by default: Discretion: Foreclosure of mortgage.*

1. Except as authorized by sec. 2832, R. S., the court, in cases tried by it, cannot, upon motion, vacate a judgment after the term at which it was entered, for errors or irregularities in respect to matters upon which the mind of the court is presumed to have acted.
2. An application to set aside a judgment by default and for leave to answer is largely addressed to the discretion of the court, and unless the default is excused and a verified answer tendered, showing a defense on the merits, the court ought not to interfere.
3. Where the only reason assigned for the failure of defendants to appear and answer was that an attorney told them they had no defense, and it did not appear whether this was before or after the judgment was rendered, the default was not excused.

4. Where the judgment was one of foreclosure, and the bond and mortgage and a detailed statement of the items embraced in the judgment were on file, the motion papers and proposed answer should show specifically the grounds of defense.

APPEAL from the Circuit Court for *Milwaukee* County.

This is an action to foreclose a bond and mortgage executed by the defendants to the plaintiff, a corporation organized under ch. 93, R. S., as a loan and building society, to receive payments and make loans to its members, and divide the profits, as provided by law. The defendant *Jacob Jagodzinski* became a member of the corporation, and obtained the loan from it of $2,400, June 1, 1887, for which the bond and mortgage in question were given, and it was claimed in and by the complaint that $2,829.20 was due.

The summons, without a complaint, was served on the defendants February 19, 1891, and judgment was rendered as on default, they having failed to appear. There was the usual proof of no answer or appearance, of filing *lis pendens*, and a reference, to ascertain the amount due, to I. Czerwinski, clerk of the court, but the report was signed, "Ignatz Czerwinski, Referee, by Max Gerlach, Deputy Clerk," dated June 19, 1891, and stated the amount due for various items, principal sum, interest, insurance, taxes, etc., at $2,924.16, for which, with costs, judgment was rendered in the usual form, June 20, 1891.

Pending the action, March 31st, a receiver of the mortgaged premises had been appointed, without notice to defendants, to take possession of and rent the mortgaged premises, and after judgment, upon notice, the said receiver was reappointed, July 22, 1891; and on the 19th of the following month he made complaint to the court against the defendant *Jacob Jagodzinski* for contempt of court in obstructing him in the discharge of his duties, for which the

Milwaukee Mutual Loan & Building Society vs. Jagodzinski and wife.

court imposed a fine and costs, November 16th, amounting to $37.25.

November 29, 1891, the defendants filed their verified petition, praying that the judgment and all proceedings subsequent to the complaint be set aside and vacated, and they be allowed to interpose a proposed answer which accompanied the petition, and for such other and further relief, etc., upon the grounds (1) that the report of the referee was not made by I. Czerwinski, but by one Max Gerlach; (2) that no notice of entry of judgment was ever served or given to them; (3) that in the judgment it is ordered that judgment of deficiency be rendered against both defendants for the amount thereof, and that the plaintiff have execution therefor, when the petitioner *Jacob Jagodzinski* alone signed the bond; (4) that there is no provision in the judgment as to whom the rents and profits of the premises shall belong to; that the premises are their homestead, and that they claimed them as such; and that the order appointing a receiver was made without jurisdiction or authority; and alleged generally that all of the proceedings subsequent to the complaint were irregular and void, and should be set aside, as well as the order punishing *Jacob Jagodzinski* for contempt of court. The petition further stated that up to the time therein stated they were wholly ignorant as to the true status of the case, and "the reason why they had not sooner appeared to defend the action on the merits was that they were informed by one F. J. Borchardt, an attorney at law residing in the city of Milwaukee, that they had no defense to said action, and that it was unnecessary for them, and would make them unnecessary costs and expenses, if they appeared to defend therein;" that no complaint or notice of object of action was served on either of them, and they had no knowledge of the true amount claimed until after judgment, and until they learned from John J. McAuliffe, an attorney retained

to resist the contempt proceedings, that the defendant *Wanda* had a dower interest in the premises, and signed the mortgage for the purpose of releasing her dower and homestead rights, and none other. The answer of *Jacob Jagodzinski* admits the execution of the bond and mortgage, but denies that he received $2,400 on it, or any sum other than $1,989; that he paid to the plaintiff thereafter $407.15, leaving "a balance of principal of $1,581.85, for which he is personally liable, together with the lawful interest, unpaid taxes, and insurance, and for nothing else;." and denied each and every allegation of the complaint, except as admitted, qualified, or explained; and was verified and accompanied by an affidavit of merits in the usual form, sworn to November 27, 1891, by the defendant *Jacob Jagodzinski.*

The matter embraced in the petition was brought on for hearing by an order to show cause, upon hearing which the court ordered that the judgment in the cause be set aside and vacated; "that all other proceedings in the action, subsequent to the service and filing of the summons therein, be set aside and vacated; that the defendants have twenty days after personal service upon them of a copy of the plaintiff's complaint herein to appear and serve their answer or such other pleading in this action as they may be advised." The plaintiff appealed from this order.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *W. J. Allen.*

*John J. McAuliffe,* for the respondents.

PINNEY, J.   1. The judgment set aside by the order appealed from was rendered at the May term, 1891, and the order to show cause was obtained and heard, and the order in question was made, at the November term in the same year, the September term having intervened. The sum-

mons in the action was properly served, and the court, when it rendered the judgment, had jurisdiction of the subject matter and of the parties. Nothing is better settled than that the motion to set aside this judgment upon the errors and irregularities here complained of came too late. *Ætna L. Ins. Co. v. McCormick*, 20 Wis. 265; *Salter v. Hilgen*, 40 Wis. 363; *Pier v. Amory*, 40 Wis. 574; *Scheer v. Keown*, 34 Wis. 349; *Loomis v. Rice*, 37 Wis. 262; *Herman v. Mason*, 37 Wis. 273; *Fornette v. Carmichael*, 38 Wis. 236; *Cole v. Mitchell*, 77 Wis. 135. All the errors relied on, worthy of any consideration, relate to matters upon which the mind of the court did act, or must be presumed to have acted, in rendering the judgment, and appear upon the face of the record, and the court is precluded from again acting on the same matters at a subsequent term, and changing its opinion or altering its judgment. This rule is subject to few exceptions, stated in *Ætna L. Ins. Co. v. McCormick, supra*. After the close of the term the party complaining can obtain relief only by writ of error or appeal, or under the statute which authorizes the court to relieve a party, at any time within one year after notice thereof, from a judgment, order, or other proceeding against him through his mistake, inadvertence, surprise, or excusable neglect. Sec. 2832, R. S.

2. The respondents' counsel insists that the order should be sustained, as a fair and proper exercise of discretion, under sec. 2832. The order recites, as ground for making it, "that all proceedings subsequent to the service and filing of the summons are improper and erroneous;" and it does not purport to have been made as an exercise of discretionary power under sec. 2832. No irregularity or defect in the complaint was suggested, nor any sufficient reason for vacating the order appointing a receiver. This order was made on the ground that the premises were not adequate security for the debt, and it operated as a seques-

tration of the rents and profits accruing after its date, with such as were then due and unpaid, to be applied in payment of any deficiency that might remain unpaid after the sale of the mortgaged premises. *Gaynor v. Blewett*, 82 Wis. 313. If the order was made under the section cited, it should have been upon terms, allowing the defendant *Jacob Jagodzinski* to file his answer and litigate the question of the amount due on the bond and mortgage; the other defendant not having tendered any answer with the application. It is not easy to see why the court ordered "that all proceedings subsequent to the service and filing of the summons" be set aside.

We think that the application is clearly insufficient, and that it did not warrant the court in making the order. There is no pretense that the failure of the defendants to appear and defend the action was the result of any mistake, inadvertence, surprise, or excusable neglect. The only reason assigned is that an attorney at Milwaukee, whom they consulted, told them "that they had no defense, and that it was unnecessary for them, and would make them unnecessary costs and expenses, if they appeared to defend therein;" but when they were so informed they do not state, and it may well have been after judgment had passed against them. The plaintiff was not required to serve his complaint with the summons. The defendants were personally served with the summons February 19th, and judgment was not entered until the 20th of June next thereafter, and although there was a contest with the receiver in respect to the control of the mortgaged premises as early as August 19th, and proceedings had to punish the principal defendant as for contempt were then instituted, to be heard on the 29th of that month, yet this application was not made until more than three months thereafter. The court was entitled to know the specific ground of defense before granting the relief prayed for. The several items

which went to make up the amount for which the judgment was rendered were stated in it in detail, and no one of these is assailed or fairly met by the proposed answer or petition. In substance, the principal defendant admits in his answer that $1,989 was expended to his use in the erection of a building on the mortgaged premises. He claims that he has since paid thereon $407.15. There is contained in the record the computation of the referee, and the evidence of the plaintiff's secretary, Mr. Maher, showing the various items composing the total sum of the judgment, and showing that the defendant had paid in instalments $180. This sum, with $39.38 interest thereon, deducted from the loan, plus interest, fines, taxes, and insurance, makes the amount of the judgment. It is to be borne in mind that the bond and mortgage contain the usual provisions in such cases, and the fairness of the transaction cannot be impeached by dealing in generalities. With the bond and mortgage and the detailed statement of items on file, the court should have required something more specific than is contained in the petition and answer before setting aside the judgment. The rule of practice is that an application to set aside a judgment and for leave to answer is largely addressed to the discretion of the court to which it is made, and unless the default of the party is excused and a verified answer tendered, showing a defense on the merits, the court ought not to interfere. *Seymour v. Chippewa Co.* 40 Wis. 62, 65; *Union L. Co. v. Chippewa Co.* 47 Wis. 246, 248. We do not think that the default of the defendants was in any manner excused, and for that reason the order cannot be sustained as within the discretionary power of the court; and we may add that the answer and moving papers do not make a satisfactory showing of meritorious defense.

For the reasons stated the order of the circuit court must be reversed.

*By the Court.*— The order of the circuit court is reversed, and the case is remanded for further proceedings.