Day vs. Mertlock.

The trial court found the issue for the defendants. The plaintiffs appeal.

For the appellants there was a brief by *Winsor & Winsor*, and oral argument by *F. Winsor*.

*H. W. Barney*, attorney, and *A. L. Sanborn*, of counsel, for the respondents.

---

DAY, Appellant, vs. MERTLOCK, Respondent.

*April 12 — May 1, 1894.*

*Judgment by default: Vacating: Clerical error in summons: Res adjudicata: Affidavit of merits: Practice.*

| 87 | 577 |
| 93 | 192 |
| 87 | 577 |
| 99 | 346 |
| 87 | 577 |
| 108 | 80 |
| 87 | 577 |
| 112 | 4352 |

1. In the copy of summons served on defendant the venue was laid in the wrong county. Attorneys for defendant served notice of retainer, demanded a copy of the complaint, and admitted due serv-

Day vs. Mertlock.

ice thereof. On the next day they returned it with the indorsement "that any admission of service thereof was unauthorized and was made by mistake. We have never been retained in the action entitled in the complaint." The case was tried and judgment by default rendered in open court, one of defendant's attorneys being present and saying nothing. Afterwards defendant moved to set aside the judgment on the ground that no summons in the action had been served on him. *Held* that, as defendant's attorneys had knowledge of the clerical mistake and did not bring it to the attention of plaintiff's attorneys, who were ignorant of it until the motion was made to set aside the judgment, and as the defendant and his attorneys had ample notice of the proceedings, the judgment should not be set aside.

2. The denial of a motion absolutely, without leave of renewal, is *res adjudicata*, and if renewed on the same ground the motion should be again denied.

3. A motion to set aside a judgment for a mere clerical error, of which defendant had notice, in the copy of summons served, is too late if made after the term at which the judgment was rendered.

4. Under Circuit Court Rule XIII, requiring an affidavit of the advice of counsel to state that the party "has fully and fairly stated *the case* to his counsel," an affidavit of merits is insufficient if it states merely that the party has "fully and fairly stated *his case* in said cause," etc.

5. It is not essential to a judgment by default that the summons and complaint be filed at or before the time the judgment is rendered.

6. When the defendant has withdrawn his appearance he is not entitled to notice of the application for judgment.

7. The findings of fact by the court may be embodied in the judgment.

8. An error in the taxation of costs, no motion to correct it having been made, is not a ground for setting aside the whole judgment.

APPEAL from the Circuit Court for *Monroe* County.

Action for a trespass to real property. The facts are sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *Jones & Button*, and for the respondent on that of *Morrow & Masters*.

Orton, C. J. This is an appeal from an order setting aside the judgment rendered in this case, and permitting

the defendant to serve an answer herein within twenty days.

The summons, with the venue laid in circuit court, "La Crosse county," was served September 12, 1892. Notice of retainer by Messrs. Morrow & Masters, attorneys for the defendant, served September 21st, and a copy of the complaint demanded. Due service of the complaint admitted by said attorneys October 7th. The complaint returned October 8th, with the following indorsement thereon: "The within complaint is returned, for the reason that any admission of service thereof was unauthorized and was made by mistake. We have never been retained in the action entitled in the complaint." The venue in the complaint was laid, "Monroe county," and otherwise the title was the same as in the summons. December 19th, on the affidavit of one of the attorneys of the plaintiff that twenty days had elapsed since the service of the summons, and that no answer or demurrer to the complaint or notice of appearance had been served, the court rendered judgment in favor of the plaintiff for $50 damages and $22.56 costs, reciting therein that it appeared to the court, by due proof, that all the material allegations of the complaint are true, and that the plaintiff was the owner of the lands described in the complaint; that the defendant forcibly broke and entered upon a portion of the same, plowed it, trod down the grass, took down the fences, destroyed fruit trees, and otherwise injured the premises; and that by reason thereof plaintiff was damaged in the sum of $50. The case was tried and judgment rendered in open court, while one of the attorneys of the defendant was present in court and said nothing.

On the 23d day of February, 1893, the defendant made his affidavit, setting forth that he is a resident of Monroe county, "and that he has fully and fairly stated *his case* in said cause, as appears from said complaint on file with said

judgment roll, to Morrow & Masters, of Sparta, Wisconsin, his attorneys; and, after said judgment, is advised by his said counsel that he has a complete and valid defense to said action upon the merits, and believes the same to be true;" and that no summons in said action was ever served upon him. Then it is stated in said affidavit, in effect, that the said summons, with the venue laid in circuit court, *La Crosse* county, was served upon him as stated above. On February 27th, and on said affidavit and judgment roll, the defendant obtained a rule to show cause why the judgment should not be set aside, etc., on the ground that no summons in the action was ever served on the defendant. This motion was denied, with $10 costs, on May 4, 1893.

On the 6th day of May, 1893, another rule was obtained to show cause why the motion of the defendant should not be granted, and the judgment be set aside, and the plaintiff required to serve his complaint and other papers in accordance with the notice of appearance and demand served on the defendant's attorneys on the 21st day of September, 1892. This rule is founded on the affidavits of the defendant and of his attorney, C. M. Masters, Esq., and on the judgment roll, etc. The plaintiff's attorney, D. F. Jones, Esq., also made an affidavit, setting forth the above facts, but more fully. The grounds of the motion are: (1) No summons in said action in said circuit court for Monroe county was ever served. (2) No complaint conforming to the summons was ever served. (3) No summons or complaint in said action was filed at or before the judgment was rendered. (4) No notice of application for judgment was ever given or served. (5) The judgment does not conform to the findings of the court. (6) Costs as taxed are excessive, not proved, and unauthorized. From the order of the court granting this motion, setting aside the judgment, and giving the defendant twenty days in which to serve an answer, and with costs, this appeal has been taken by the plaintiff.

The venue of the summons at " La Crosse county " was
a mere clerical error or mistake, and the attorneys of the
plaintiff were not aware of the mistake until after the mo-
tion to set aside the judgment. They supposed that the
summons conformed to the complaint with the venue at
*Monroe* county. They were not informed of the discrep-
ancy by the notice returning the complaint. They sup-
posed that the attorneys meant by the language, " We
have not been .retained in the action entitled in the com-
plaint," that the mistake was that they had not been re-
tained by the defendant, and therefore returned the copy
of the complaint and withdrew their appearance. This
appears from the affidavit of D. F. Jones, Esq., one of the
attorneys of the plaintiff.

First. This was a mistake that the court could have cor-
rected at any time, when brought to its attention. 3 Am.
& Eng. Ency. of Law, 286, and authorities in note 1.

Second. If the defendant's counsel had returned the
complaint and withdrawn their appearance for the true
reason that the complaint did not agree with the summons
in the venue, the mistake could then have been corrected
without harm to any one, under sec. 2830, R. S. When
the defendant's counsel received the complaint, they had
notice that there was a mistake in the venue of the sum-
mons, and the defendant is chargeable with that knowl-
edge; and, they having knowledge then that it was a mere
mistake, it did them no harm.

Third. It was the duty of the defendant's counsel to
have specifically called the attention of the plaintiff's coun-
sel to this obvious mistake when they returned the com-
plaint.

Fourth. The defendant's counsel misled and deceived
the plaintiff's counsel as to the cause of returning the com-
plaint, and used language that clearly implied that they ac-
cepted service as the attorneys of the defendant by mis-

Day vs. Mertlock.

take, when they had not been retained by him; and the plaintiff's counsel knew nothing to the contrary until after the judgment was rendered and motion made to set it aside. It seems that the mistake was only in the copy of the summons served, and the summons filed agrees with the complaint.

Fifth. The defendant, having had notice of the mistake long before the time to answer, was not misled to his injury, and ought to have either disregarded it or called the attention of the plaintiff to it.

Sixth. The counsel on both sides and the defendant lived in the same city, and this discrepancy between the summons and complaint ought not to have been concealed from the plaintiff's counsel, thereby inducing the plaintiff to obtain judgment for want of appearance of the defendant.

Seventh. One of the learned counsel of the defendant was present in court and allowed the plaintiff's counsel to take judgment without even then apprising them of the mistake or defect.

1. It follows that the judgment was not void for want of notice of the suit by the defendant. The defendant and his counsel had ample notice of the proceedings. It would be unconscionable to set aside a judgment under such circumstances, and probably the circuit court so regarded it when it denied the motion to set aside the judgment on the ground of this mistake.

2. The second motion to set aside the judgment was mainly on the same ground, which, if anything, was a mere irregularity. The other grounds added to this main ground are very flimsy irregularities or errors, which do not affect the substantial rights of the defendant (sec. 2829, R. S.), and should have been disregarded. The first and second motions are based substantially on the same grounds. The first motion was denied with costs and absolutely, without any leave of renewal, and therefore the first order was *res*

Day vs. Mertlock.

*adjudicata*; and the second motion should have been denied on that ground. *Branger v. Buttrick,* 28 Wis. 454; *Hoppe v. C., M. & St. P. R. Co.* 61 Wis. 367; *Webster v. Oconto Co.* 47 Wis. 226.

3. Both motions were made after the term in which the judgment was rendered, and were therefore too late to set aside the judgment for such mere irregularities. *Ætna Life Ins. Co. v. McCormick,* 20 Wis. 265; *Salter v. Hilgen,* 40 Wis. 363; *Pier v. Amory,* 40 Wis. 574; *Scheer v. Keown,* 34 Wis. 349; *Loomis v. Rice,* 37 Wis. 262; *Herman v. Mason,* 37 Wis. 273; *Cole v. Mitchell,* 77 Wis. 135; *Milwaukee M. L. & B. Soc. v. Jagodzinski,* 84 Wis. 35. After the term the court can only grant relief from a judgment under R. S. sec. 2832.[1]

4. There was no sufficient affidavit of merits or any sworn answer tendered as the necessary conditions of opening the judgment. *Levy v. Goldberg,* 40 Wis. 315; *Milwaukee M. L. & B. Soc. v. Jagodzinski,* 84 Wis. 35. The affidavit of the defendant is "that he has fully and fairly stated *his case* in said cause," etc. Circuit Court Rule XIII requires that an affidavit of advice of counsel shall be "that he has fully and fairly stated *the case* to his counsel," and Rule XX requires the affidavit to state "that the defendant had a valid defense, in whole or in part, . . . and that *the case* in such action has been fully and fairly stated to his counsel," etc. The defendant must swear "that he has fully and fairly stated *the case* herein to his counsel," etc. *Sutton v. Wegner,* 72 Wis. 294. The affidavit here is that he stated "*his* case;" that is, his side of the case. The same defect is in the affidavit of C. M. Masters, Esq., the attorney of the defendant, on the last motion, "that the

[1] R. S. sec. 2832 permits the court, in discretion, on such terms as may be just, at any time within a year after notice thereof, to relieve a party from a judgment against him through his mistake, inadvertence, surprise, or excusable neglect.

defendant has fully and fairly stated *his case* to his attorneys, etc.    Therefore the motion should have been denied.

The additional grounds of the second or last motion need not be considered at any length.    As to the third, it is not essential to the judgment that the summons and complaint be filed at or before judgment.    As to the fourth, the appearance of the defendant had been withdrawn, and he was not entitled to any notice of the application for judgment. As to the fifth, the findings are embodied in the judgment. As to the sixth, the costs must be corrected on motion, or it is merely error on appeal, affecting that part of the judgment only, and is no ground for setting aside the whole judgment.

*By the Court.*— The order of the circuit court appealed from is reversed, and the cause remanded for further proceedings on the judgment according to law.

NEWMAN, J., took no part.