VELTE, Appellant, vs. ZEH, Respondent.

*November 20—December 8, 1925.*

*Judgment: On default: Action to recover for legal services: When defendant entitled to notice of application: Appearance: What constitutes: Vacating judgment: Sufficiency of motion papers.*

1. To secure vacation of a judgment on default it is necessary for the defendant to present a proposed verified answer disclosing a defense. p. 403.
2. The affidavit of merits used on the motion to vacate, stating that defendant had stated *his* case to counsel, is insufficient, in view of Circuit Court Rule XIII, in not alleging that he had stated *the* case. p. 403.
3. Under sec. 2633, Stats. 1923, providing that a copy of the complaint may or may not be served with the summons, where no demand was made for such copy a default judgment, in an action to recover for legal services, was properly taken, in view of sec. 2891, where the only appearance was at an examination under sec. 4096, the defendant not being entitled to notice of an application for judgment. p. 403.
4. An action to recover for legal services rendered and disbursements made in connection therewith at the instance of the defendant is clearly an action upon contract for the recovery of money only. p. 404.

APPEAL from an order of the circuit court for Winnebago county: FRED BEGLINGER, Circuit Judge. *Reversed, with directions.*

This is an appeal from an order granting respondent's motion to vacate a judgment, pursuant to sec. 2832, now sec. 269.46, of the Statutes.

*R. D. Molzow* of Neenah, for the appellant.

For the respondent the cause was submitted on the brief of *Barber & Keefe* of Oshkosh.

CROWNHART, J.   Action was brought by the appellant in the circuit court to recover for. professional services rendered by him as attorney, and for moneys disbursed in the prosecution of a lawsuit for the respondent.   The action was commenced by the issuing of summons duly served on the respondent.   There was no notice of appearance on behalf of respondent, but counsel for respondent did appear in his behalf at a sec. 4096 examination.   No notice of appearance having been served on the plaintiff, and no answer having been .interposed within twenty days after the service of· the summons, the appellant thereupon filed his duly verified complaint with the clerk of the court, and took judgment thereon by default, pursuant to sec. 2832, now sec. 269.46. ˙ Thereafter the defendant, by his attorneys, moved for vacation of the judgment, serving with such motion an affidavit purporting to be an affidavit of merits, in which it was stated that respondent had stated *his* case to his attorney and had been advised that he had a defense to the action.   No proposed answer was served with the motion.   The court thereupon entered its order vacating the judgment on terms, from which order the plaintiff appealed.

The appellant here contends that the circuit court abused its discretion in vacating the judgment, on the ground that no proper affidavit of merits and no proposed answer were presented to the court.

It has long been the settled law of this state that in order to secure the vacation of a judgment on default it is necessary for the defendant to present a proposed verified answer disclosing a defense. *Howey v. Clifford*, 42 Wis. 561, 564. A default should be opened only if the ends of justice require it. *Phillips v. Portage T. Co.* 137 Wis. 189, 197, 118 N. W. 539. The affidavit used on the motion was not sufficient aș an affidavit of merits. The defendant was required to swear that he had stated *the* case to his counsel and not *his* case. Circuit Court Rule XIII; *Day v. Mertlock*, 87 Wis. 577, 583, 58 N. W. 1037; *Dick v. Williams*, 87 Wis. 651, 653, 58 N. W. 1029.

It is contended by the respondent that his appearance at the sec. 4096 examination was a general appearance which entitled him to notice of an application for judgment. The complaint was based on contract. Sec. 2633, now sec. 262.05, of the Statutes provides:

"A copy of the complaint may or may not be served with the summons at the plaintiff's option. If not so served the defendant may, in person or by attorney, within twenty days after the service of the summons demand in writing a copy of the complaint. . . ."

No such demand was made on the plaintiff by the defendant. Sec. 2891, now sec. 270.62, of the Statutes provides:

"Judgment may be had if the defendant fail to answer the complaint, as follows:

"(1) In any action arising on contract for the recovery of money only the plaintiff may file with the clerk, with the summons and complaint, proof of personal service of the summons on one or more of the defendants and that no answer or demurrer has been received. . . . If the complaint be duly verified the clerk shall thereupon enter judgment for the amount demanded in the complaint against such defendant or defendants or against one or more of the several defendants in the cases provided for in section 2884. . . ."

As has been stated, this was an action to recover on account of legal services rendered and disbursements made in connection with such services at the instance of the defendant, and is clearly an action upon contract for the recovery of money only. *Egan v. Sengpiel,* 46 Wis. 703, 708, 1 N. W. 467. The defendant cites *Stark v. Huber Mfg. Co.* 130 Wis. 432, 437, 110 N. W. 231, as authority to the contrary, but that was a case where the party was entitled to notice, and this court held, by an equally divided court, that unless prejudice was shown he was not entitled to have the judgment vacated.

We conclude that the circuit court was in error in vacating the judgment on the motion as presented.

*By the Court.*—The order vacating the judgment is reversed, with directions to the circuit court to reinstate the judgment.