GLASSNER and another, Respondents, v. MEDICAL REALTY, INC., and another, Appellants.

*January 7—February 4, 1964.*

347

For the appellants there were briefs and oral argument by *Charles Saggio* of Milwaukee.

For the respondents there was a brief by *Glassner, Clancy & Glassner* of Milwaukee, and oral argument by *Lawrence Clancy*.

CURRIE, C. J. The pertinent issues presented by this appeal are:

(1) Is the judgment void because entered by the clerk without notice of application for judgment having been given to the defendants?

(2) If the judgment is not void for lack of notice, did the trial court abuse its discretion in refusing to vacate it?

*Failure to Give Notice of Application for Judgment.*

The procedure to be followed in entering a default judgment is specified in sec. 270.62, Stats.[1] The cause of action

---

[1] The material provisions of such statute are:

"(1) *Nature of default.* A default judgment may be entered as provided in this section if no issue of law or fact has been joined and if the time for joining issue has expired.

"(2) *General.* Upon filing with the court the summons and complaint and proof of service of the summons on one or more of the defendants and an affidavit that the defendant is in default according to subsection (1), the plaintiff may apply to the court for judgment according to the demand of the complaint. . . . If the defendant has appeared in the action, he shall be entitled to notice of the application for judgment.

"(3) *Actions on contract for money only.* In any action on contract for the recovery of money only, the plaintiff may file with the clerk the summons and complaint, proof of personal service of

set forth in plaintiffs' complaint is one on contract for money only and is therefore governed by sub. (3) of the statute. Therefore no notice of application for judgment was required to be served upon defendants as a condition for entering the default judgment. *Egan v. Sengpiel* (1879), 46 Wis. 703, 708, 1 N. W. 467. Cf. *Velte v. Zeh* (1925), 188 Wis. 401, 206 N. W. 197.

The application of defendants to vacate the judgment is made under sec. 269.46, Stats.[2] Inasmuch as defendants' application to vacate the judgment was made more than sixty days after the end of the term at which it was entered, sub. (3) has no application, and sub. (1) of this statute is controlling. *Egan v. Sengpiel, supra,* holds that the failure to give notice of application for judgment, when required under sub. (2) of sec. 270.62, does not render the judgment void, the opinion stating (p. 708) :

"But if the defendant were entitled to notice of the application for judgment, the want of such notice would not render the judgment void. *Morrison v. Austin* and *Lindauer v. Clifford, supra; Gorman v. Ball,* 18 Wis. 24; *Aetna Ins. Co. v. McCormick,* 20 Wis. 265; *Bonnell v. Gray,* 36 Wis. 574; *Salter v. Hilgen,* 40 Wis. 363."

the summons on one or more of the defendants and an affidavit that the defendant is in default according to subsection (1). The clerk shall thereupon enter judgment for the amount demanded in the complaint against the defendants who are in default."

[2] The material portions of this statute are :

"(1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding.

" . . .

"(3) All judgments and court orders may be reviewed by the court at any time within 60 days from service of notice of entry thereof, but not later than 60 days after the end of the term of entry thereof."

Therefore, even if notice of entry of the instant judgment had been required, failure to give such notice would not have rendered the judgment void.

### Exercise of Discretion by Trial Court.

We now turn to the question of whether it was abuse of discretion for the trial court to have refused to vacate the judgment. The only reason advanced by defendants for not having entered an appearance in the action or served an answer was the claim supported by the affidavit of defendant Verdone that, at the time of the service of the summons and complaint, plaintiffs' attorney assured defendants that he would not file these papers in court and that the parties would continue their negotiations. This statement is directly contradicted by the affidavit of plaintiffs' attorney. The registered letter sent to Verdone on September 27, 1961, by plaintiffs' attorney, in which it was stated: "This letter shall not be construed in any way as waiving action heretofore commenced," constituted a plain warning to defendants that the action would be prosecuted if the defendants continued in their default. The only way the action could be prosecuted would be to file a summons and complaint and attempt to take judgment.

The trial court made no finding with respect to the disputed issue of fact as to whether plaintiffs had promised that they would not file the summons and complaint. Had such promise been made, the entry of the order denying the application to vacate the judgment would have been improper and would have constituted an abuse of discretion. A presumption of regularity attends this order and on this record we must assume that the trial court concluded that no such promise had been made. This being so it necessarily follows that there was no abuse of discretion on the part of the trial court refusing to vacate the judgment.

*Exercise of the Discretionary Power of this Court.*

Past decisions of this court clearly establish the principle that a judgment cannot be vacated under sub. (1) of sec. 269.46, Stats., after the lapse of sixty days subsequent to the expiration of the term of court at which the judgment was rendered because of error committed in rendering the judgment. *Loomis v. Rice* (1875), 37 Wis. 262; *Landon v. Burke* (1873), 33 Wis. 452; and *Spafford v. Janesville* (1862), 15 Wis. 526 (\*474).[3] The reason for this is that under sub. (1) of sec. 269.46 (formerly R. S. 1858, ch. 125, sec. 38), the power to grant relief from a judgment, more than sixty days after the end of the term of court at which it was rendered, is limited solely to cases of mistake, inadvertence, surprise, or excusable neglect. See *Loomis v. Rice, supra,* and cases cited therein. Therefore, even though there had been errors in the judgment which might shock the conscience of the trial court, it is powerless to grant relief from the judgment after this sixty-day period (after the end of the term of court) has elapsed, *i.e.,* where there is no proper showing of mistake, inadvertence, surprise, or excusable neglect.

Sec. 251.09, Stats., however, grants to this court the broad power to reverse an order or judgment on appeal where "it is probable that justice has for any reason miscarried." There are two reasons why it would shock the conscience of this court to permit the instant default judgment to stand unmodified. The first is that the course of conduct of the parties clearly discloses that the judgment is

---

[3] At the time these cited cases were decided, relief from a judgment, except on the basis specified in R. S. 1858, ch. 125, sec. 38 (which is now sub. (1) of sec. 269.46, Stats.), could not be granted after the expiration of the term. Sub. (3) of sec. 269.46 now permits such relief under the conditions specified in such subsection for the additional period of sixty days subsequent to the ending of the term of court at which judgment was rendered.

only serving the purpose of providing the plaintiff-lessors with security against the contingency of the defendants again becoming delinquent in their rent. Plaintiffs have permitted the defendant-lessee to continue in possession upon paying the monthly instalments of rent specified in the original lease. As the judgment now stands, however, there is nothing to prevent the plaintiffs from utilizing the judgment to levy upon assets of defendants even though defendants may not be currently in default in paying such monthly instalments. The second feature is that the judgment is, by its very terms, drawing interest.

We construe our discretionary power under sec. 251.09, Stats., as only extending to reversal of the order appealed from and that such statute gives us no power to directly modify the default judgment. Therefore, in order to prevent what may be a serious miscarriage of justice, we have decided to reverse the order appealed from and to remand the matter to the trial court with directions to open up the judgment, so as to permit a trial of the issues raised by defendants' proposed answer and counterclaim. This does not mean that the trial court should vacate the judgment. The default judgment may be opened up so as to permit a defense on the merits letting the judgment stand in the meantime until the outcome of such trial on the merits. *Spohn v. Norden* (1959), 7 Wis. (2d) 383, 386, 96 N. W. (2d) 831; *State ex rel. Chinchilla Ranch, Inc., v. O'Connell* (1952), 261 Wis. 86, 97, 51 N. W. (2d) 714; *State ex rel. Bornemann v. Schultz* (1952), 260 Wis. 395, 402, 50 N. W. (2d) 922.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions to permit the opening up of the judgment as outlined in the last paragraph of the within opinion.

Hallows, J. (*dissenting*). The majority opinion takes the long road home. After holding the trial court did not abuse its discretion in refusing to set aside the judgment, the majority recognizes the injustice of a judgment for security purposes and seeks to remedy its effects by the exercise of the court's discretionary powers. In my opinion, the plaintiffs are not entitled on their present showing to any judgment even as security. The trial court abused its discretion in refusing to set aside the judgment under sec. 269.46, Stats., and I would reverse and allow the filing of the answer and the counterclaim. No justification exists to complicate and confuse this case with the concept of opening up a judgment but not vacating it.