THE DISTRICT TOWNSHIP OF NEWTON v. WHITE ET AL.

1. **Practice**: TIME OF FILING PLEADING. By extending the time to file an answer the time to file a demurrer is not likewise extended, and if any other pleading than the one specified in the order extending the time, be filed after noon of the second day of the term, default may be entered.

2. **Equity**: FRAUD: NEW TRIAL. Equity will interfere to set aside a judgment in an action at law and grant a new trial, after more than a year from the date of the judgment. if it be shown to have been obtained by fraud and valid reasons are assigned for the delay in making the application.

3. **Practice**: DEFAULT: AFFIDAVIT. A default will only be set aside when the motion therefor is sustained by an affidavit disclosing a meritorious defense.

4. ———: ———: EVIDENCE. A party in default cannot complain that an order of the court respecting the time in which evidence should be taken has not been complied with.

*Appeal from Carroll Circuit Court.*

TUESDAY, APRIL 4.

ON the 23d day of January, 1875, plaintiff filed in the Carroll Circuit Court an amended petition, in substance alleging that on the 30th day of August, 1869, being the first day of the August Term of the Carroll Circuit Court, J. E. Griffith obtained a judgment against plaintiff for the sum of $6,920 and costs; that Griffith, in obtaining this judgment practised fraud; that in 1869, Isaac Hampton was president, and John

Moore was secretary of the district township of Newton, and they acknowledged service of the original notice on the 30th day of August, 1869, the day the judgment was rendered, the notice bearing date August 30th, and the acknowledgment of service purporting on its face to be of date August 18th, 1869.

That Isaac Hampton, John Monroe, and other persons unknown to plaintiff were the owners of the orders on which the judgment was obtained, and had assigned them to J. E. Griffith without consideration.

That said judgment was obtained upon certain orders issued in the years 1867, 1868 and 1869, by the district township of Newton, signed by the said Isaiah Hampton and John Monroe, but partly without any order of the board or any authority of law whatever, and for amounts greatly in excess of any indebtedness of said district township, partly without any consideration whatever, which facts were known to the said J. E. Griffith.

That said J. E. Griffith, in combination and confederation with said Hampton, Monroe and other persons, to prevent any defense to the suit on said orders, procured O. H. Manning, an attorney of the Carroll Circuit Court, to enter an appearance in said cause, on behalf of the district township of Newton, but that no defense was made nor any answer was filed, although the said Griffith, Hampton, Monroe and other persons, the then holders of the said orders, knew of the existence of a good and valid defense against them; that in evidence, aside from these orders, only a certain certificate of the said Monroe was heard, that he had examined the orders, that they were genuine and wholly unpaid, and were duly issued and recorded.

That plaintiff was prevented from appealing within due and legal time by the actions of the said Hampton and Monroe, who then controlled the said board of directors, and failed and refused to take any action in the premises, and that plaintiff was not aware of, and had no knowledge of the full extent of the fraud perpetrated on it until long after the time of appeal had elapsed, but supposed that these officers had done their duty and made full defense.

That as soon as new officers were elected and qualified, and were duly informed of the facts, it placed the matter in the hands of its attorney for investigation, and has used all due diligence in hunting up the evidence and preparing this petition.

The petition further alleges that plaintiff has a good defense to the orders sued on, and that Hampton and Monroe, while they remained in office, so controlled and managed the books and records of their office that plaintiff was unable to arrive at the facts, and was not aware of the frauds perpetrated upon it until long after the expiration of the year following the date of said judgment, and that it was not fully aware of the nature and extent of the fraud until since the adjournment of the last term of the Carroll Circuit Court; that the defendants, Miles White, J. P. Dosh and Oscar A. Lodge have or claim some interest in the judgment through an assignment thereof. Plaintiff prays the court to set aside the judgment, and allow plaintiff such time as may seem reasonable and proper to file its answer and prepare its defense.

On the 21st day of January, two days before the filing of this amended petition, plaintiff filed a motion for trial by deposition. On the 23d day of January, 1875, the court sustained this motion, and ruled that plaintiff have fifty days to take evidence; that defendants have fifty days for the same purpose; and that plaintiff have twenty-five days to take rebutting testimony. On the same day the court ruled that defendants answer within thirty days. On the 20th day of February, 1875, the defendants filed a demurrer to the petition and amended petition, setting up that the claims, as the petitions show on their face, are barred by the provisions of section 3154 et seq., of the Code. On the 8th of April, 1875, the plaintiff filed a motion praying the court to strike the demurrer from the files, and to enter a default for want of an answer. On the 8th day of September, 1875, this motion was submitted to the court, and the court ruled that the demurrer be stricken from the files, and that a default be entered against said defendants. On the same day defendants filed a motion in arrest of judgment, setting up that plaintiff, as the petition shows, is

not entitled to any relief, for the reason that the judgment prayed to be set aside was rendered on the 30th day of August, 1869; that this action was commenced in the January Term, 1875, of the Carroll Circuit Court; that more than one year has elapsed since the judgment was rendered; that such proceedings must be commenced within one year after the judgment was entered. On the 10th day of September, 1875, the defendants' motion in arrest of judgment was overruled. On the same day the defendants filed a motion to set aside the default for reasons stated in accompanying affidavits. These affidavits in substance state that the only reason defendants did not promptly answer was because they believed they had a right to demur, and that defendants have a good defense to the petition, to wit: "That plaintiff's petition shows on its face that the facts stated therein do not entitle the plaintiff to any relief whatever; that the fraud alleged in the petition is not known to these defendants and is therefore denied; that the facts constituting fraud, if proved, were known more than one year before this action was commenced; that defendants purchased their interests in the judgment without knowledge of any defense in equity or law against this judgment, and after the time for appeal and vacating of the same had passed, and can make this defense appear, if an opportunity is given them to do so." On the same day this motion to set aside the default was overruled.

Thereupon the defendants filed a motion as follows: "In an action of an equitable character, like this, the court upon hearing the pleading and proofs shall render such judgment as is consistent with the rules of equity. Plaintiff had moved for a trial on written evidence, and was allowed to take depositions within fifty days; he failed to do so, and is therefore prevented to show evidence, wherefore defendants pray the court to dismiss plaintiff's petition, or at least to exclude plaintiff from bringing in evidence in this case." The court also overruled this motion. Defendants appeal.

*Dosh Brothers* and *J. C. Kelly*, for the appellants.

*Jackson & Head*, for the appellee.

DAY, J.—I. The defendant must demur, answer, or do both, as to the original petition, before noon of the second day of the term. To all subsequent pleadings, including amendments thereto and substitutes therefor, each party must demur, answer or reply before noon of the day succeeding that on which the pleading is filed. The court, with due regard to making up the issues at the earliest day possible, may extend the time of filing any pleading. Code, Secs. 2635, 2636, and 2638.

1. PRACTICE: time of filing pleading.

The amended petition in this case was filed on the 23d day of January, and it was incumbent upon defendants to plead thereto before noon of the next day. The court, however, extended the time, not of pleading generally, but of filing an answer, and allowed defendants to answer within thirty days. In doing this, the court, under Sec. 2638, above quoted, was required to have due regard to making up the issues at the earliest day possible. The court, probably, would not have felt justified in granting so long a time for demurring to the petition, and the record does not show that any extension of time for that purpose was granted.

By asking and obtaining this time to answer, the defendants did not waive the right to file a demurrer; but, if they desired to file such pleading, they should have done so before noon of the 24th day of January. They had no right to take a long time to answer, and then to avail themselves of the extended time for the filing of a demurrer, when the extension may have been granted, as, indeed, seems most likely from the whole record, with the express understanding that at that time an answer only should be filed.

As the demurrer was not filed in accordance with the order of the court, there was no error in striking it from the files; and, as the defendants were without any pleading to the petition when their demurrer was stricken from the files, there was no error in entering a default against them for want of an answer.

II. The defendants' motion in arrest of judgment was properly overruled. The ground of this motion is that the petition shows plaintiff is not entitled to any relief, because it shows that more than one year

2. EQUITY: fraud: new trial.

has elapsed since the judgment sought to be set aside was rendered.

Appellants rely upon the provisions of Sec. 3157 of the Code, which is identical with Sec. 3501 of the Revision.

· Outside and independently of the provisions of this section, it has been held that a court of equity will grant new trials in actions at law, after the time for applying for relief under this section has elapsed, provided proper reasons are shown for not making such application. *Bowen v. The Troy Portable Mill Co.*, 31 Iowa, 461; *Partridge v. Harrow*, 27 Id., 97; *Haskins v. Hollenbeck*, 14 Iowa, 314; *Young v. Tucker*, 39 Iowa, 596. The petition in this case alleges that the frauds were not discovered until long after the expiration of the year following the judgment. It is clear that this action is not based upon the provisions of section 3157 of the Code, but upon the general jurisdiction which equity exercises to grant relief in cases of fraud. The action is not, under the circumstances alleged, barred in one year from the date of the judgment.

III. There was no error in overruling the motion to set aside the default. Default may be set aside on such terms as 3. PRACTICE: the court may deem just, but not unless an affida-
default: affi-
davit.  vit of merits be filed. Code, section 2871. The facts set forth in the affidavit of defendant, as constituting a meritorious defense, amount to no defense whatever. The first thing stated is that the facts stated in the petition do not entitle plaintiff to relief. This presents in another form the bar of the statute, section 3157.

Appellants in argument also urge that the action was not commenced within five years from the rendition of judgment. But this action is for relief on the ground of fraud, and the action did not accrue till the fraud was discovered. Code, section 2530. The plaintiff alleges that the fraud was not discovered till more than a year after the judgment was rendered. The action was commenced by placing the original notice in the hands of the sheriff, five years and nineteen days after the judgment was rendered, which is shown upon the face of the petition to be not more than four years from the

discovery of the fraud, and from all the averments of the petition it was probably much less. The affidavit further states the fraud alleged is not known to defendants, and they purchased their interest in the judgment without knowledge of any defense, and after the time for appeal and vacating the same had passed. This constitutes no defense. The assignee of a judgments succeeds only to the rights of the assignor. *Burtis v. Cook & Sargent*, 16 Iowa, 194; *Isett & Brewster v. Lucas et al.*, 17 Iowa, 503.

IV. Lastly, there was no error in overruling defendants' motion to dismiss the petition, or to prevent plaintiff from introducing evidence, because plaintiff had failed to take written evidence. Defendants were in default, and could appear only for the purpose of cross-examining witnesses. Code, 2873.

4. ——: ——: evidence.

The several orders of the court below are

AFFIRMED.