MARIA ROBOSTELLI, Respondent *v.* CHARLES H. NOXON, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May* 13, 1889.

*Pleadings. Amendment of Course.*—A defendant has a right to withdraw his demurrer, though frivolous, and serve an answer to the complaint within the time allowed for the service, of course, of an amended pleading, and a prior motion for judgment upon the demurrer as frivolous falls upon such amendment.

This action was brought to recover a sum of money. On November 22, defendant was granted an extension of fifteen days to serve an answer. On December 6, he served a demurrer, and plaintiff on the same day noticed a motion, returnable December 11, to overrule the demurrer as frivo-

lous. Defendant, on December 10, gave notice of with-drawal of the demurrer and served an answer. The demur-rer was overruled, and judgment entered on the complaint. Defendant then moved to open the judgment and compel plaintiff to accept his answer, which was denied, and from this order defendant appealed.

*Martin J. Keogh,* for appellant.

*Reed & Roosevelt,* for respondent.

PRATT, J.—The real question involved upon this motion is whether a demurrer can be regarded as an answer, so that an answer, as an amendment, can be served as a matter of course within thirty days.

The defendant served a demurrer, and before the expira-tion of twenty days, gave notice of withdrawal of the de-murrer and served an answer ; the plaintiff, in the mean-time, having made a motion for judgment upon the demurrer as frivolous.

A demurrer is one form of answer, although it is desig-nated as a demurrer.

A defendant answers the complaint by saying that it is not valid as a matter of law, so that the plaintiff can take a judgment upon it.

I can find nothing in section 542 of the Code that implies that a demurrer cannot be regarded as an answer so long as it remains in the case.

This construction is sustained by a long line of cases and has been the established practice for a long time. Betts *v.* Krindell, 13 Civ. Pro. Rep. 157; Frank *v.* Bush, 2 N. Y. Civ. Pro. Rep. 250; Cooper *v.* Jones, 4 Sand, 699; White *v.* Mayor, 5 Abb. 322, and others.

In the case of Cooper *v.* Jones, above mentioned, the precise point was decided by six judges, and the decision has never been questioned, to my knowledge, until the case

of Smith *v.* Laird *et al.* (44 Hun, 530 ; 9 N. Y. State Rep. 376). We think the defendant had a right to rely upon a practice apparently so well settled.

The reasoning of the earlier cases seems sound, and we think they should have been followed.

The defendant also moved that the plaintiff be required to receive his answer, which set up a good defense to a portion of the claim.    This request appealed to the discretion of the court, and, upon the facts, ought to have been granted upon just terms, even if the defendant had no right to amend as matter of course.

Order reversed, with costs and disbursements.

DYKMAN, J.—This is an appeal from an order denying a motion of the defendant to set aside a judgment and compel the attorneys of the plaintiffs to accept the defendant's answer.

Before the time to answer expired, the defendant served a demurrer to the complaint.    That was on the 6th day of December, 1888, and on the same day the attorneys for the plaintiff served a notice of motion for judgment upon the demurrer as frivolous for the 11th day of December, 1888.

On the tenth day of December, the day before the motion was to be made, the attorney for the defendant served notice of withdrawal of the demurrer, and at the same time served an answer to the complaint, and such service was within the time allowed for the service of course of an amended pleading.

Notwithstanding the service of the answer, the attorneys for the plaintiff proceeded with the motion for judgment on account of frivolity of the demurrer, and the motion was granted, and judgment was entered for the amount claimed in the complaint.

Thereupon the defendant moved to set aside that judgment and compel the plaintiff's attorneys to accept the

answer, and that motion was denied, and the defendant has appealed from the order of denial.

We think the denial of the motion was erroneous. The practice of the defendant was regular, and the answer served raises a material issue which entitles the defendant to a trial.

The withdrawal and abandonment of the demurrer was the exercise of a legal right, and the answer was within time, and regular.

While the practice of the defendant in the procurement of time to plead, and his delay in serving his answer subjects him to just criticism, at least, yet we cannot for that reason deny him the right to answer, and prove the partial defense he has set up against the plaintiff's claim.

The order appealed from should be reversed, with ten dollars' costs and disbursements, and the motion should be granted without costs.