## MICHAEL H. CASHMAN, Respondent, *v.* HUGH M. REYNOLDS and BRIDGET M. REYNOLDS, Appellants.

*An answer cannot be served as an amendment to a demurrer theretofore served.*

A defendant, who has interposed a demurrer to a complaint, is not entitled, as of course, within twenty days thereafter, to serve an answer as a substitute therefor.

While he may amend his demurrer in any way in order to perfect the case presented on the issue of law, and may make like amendments to an answer in order to perfect the case to be presented upon the issue of fact raised thereby, he cannot turn an issue of law into an issue of fact, or the reverse.

In order to substitute a demurrer for an answer, or an answer for a demurrer, an application must be made to the court for authority to do so.

*Smith* v. *Laird* (44 Hun, 530) and *Wise* v. *Gessner* (47 id., 306) followed.

*Robostelli* v. *Noxon* (24 N. Y. St. Rep., 894) criticised.

Appeal by the defendant Bridget M. Reynolds from so much of an order made at a Special Term held in the county of New York on the 17th day of January, 1890, as denied a motion of said defendant to compel the plaintiff's attorney to accept service of the answer of said defendant, which was served on said attorney January 3, 1890; and also an appeal by the defendant Hugh M. Reynolds

from so much of said order as denied a motion on the part of the said last-mentioned defendant to compel the plaintiff's attorney to accept service of the answer of said last-mentioned defendant, served on said attorney January 3, 1890.

The action was brought to foreclose two mortgages covering property in the city of New York. The defendants' time to appeal expired on December 27, 1889, on which day they served a joint demurrer. On December 28, 1889, the plaintiff gave notice of an application for judgment overruling the demurrer as frivolous. Thereafter, and on January 4, 1890, the defendants served notice that the demurrer was withdrawn, and at the same time each defendant served a verified answer, together with a notice that the same was served as a substitute, for an amendment of the demurrer theretofore served on the 27th day of December, 1889.

*Thaddeus D. Kenneson,* for the appellants.

*Townsend Wandell,* for the respondent.

BARRETT, J. :

This order should be affirmed upon the authority of *Smith* v. *Laird* (44 Hun, 530) and *Wise* v. *Gessner* (47 id., 306). I desire, however, as I did not take part in these decisions, to express my full concurrence in the views therein expressed. The previous authorities are there sufficiently analyzed, and I find no General Term case, later than *Wise* v. *Gessner*, taking a different view of the question under consideration, save *Robostelli* v. *Noxon* (24 N. Y. St. Rep., 894). The latter case was decided by the General Term of the second department, and that court (Mr. Justice PRATT delivering the principal opinion) declined to follow *Smith* v. *Laird*, holding that "a demurrer is one form of answer," and that there is nothing in section 543 of the Code which "implies that a demurrer cannot be regarded as an answer so long as it remains in the case." The conclusion which follows this postulate is entirely logical, for if a demurrer *is* an answer, it can undoubtedly be amended, *as an answer*, once, of course, within twenty days after its service. But I apprehend that a demurrer is not an answer in any legal sense. Section 487 of the Code provides that the only pleading on the part of the defendant is *either* a demurrer *or* an answer. The defendant is nowhere permitted, as Mr. Justice PRATT suggests, to *answer* the

complaint "by saying that it is not valid as a matter of law." The answer is as clearly and precisely defined as the demurrer. (Code, § 500.) The fallacy of this postulate becomes apparent when the converse is presented. If, for example, the defendant was thus entitled to answer, where a demurrer was interposed within the previous twenty days, he would equally be entitled to demur where an answer had been interposed within the like period. To sustain the latter position, *under the reasoning of Robostelli* v. *Noxon*, it would be necessary to hold that an answer is one form of demurrer, and that there is nothing in section 542 which implies that an answer cannot be regarded as a demurrer so long as it remains in the case. Mr. Justice PRATT also observes that his "construction is sustained by a long line of cases, four of which he cites, namely, *Betts* v. *Krindell* (13 Civ. Pro. R., 157); *Frank* v. *Bush* (2 N. Y. Civ. Pro. R. [Browne], 250); *Cooper* v. *Jones*, (4 Sandf., 699); *White* v. *Mayor* (5 Abb., 322).

The two first are Special Term decisions of the City Court. *Betts* v. *Krindell* was decided upon the authority, in part, of *Frank* v. *Bush*, which was preferred to *Smith* v. *Laird*. The other two cases seem to have no pertinence whatever to the question under consideration, and I confess my entire inability to follow Mr. Justice PRATT's observation that "in the case of *Cooper* v. *Jones the precise point* was decided by six judges."

I have read the report of *Cooper* v. *Jones* with extreme care, and I find that the only question there presented was whether, after a demurrer to an answer, *the defendant may serve an amended answer*, of course, within twenty days. The court held that such an amended answer might be so served, a proposition which admits of no doubt, but which is irrelevant to the precise question under discussion. It would have been quite different if the court had held that, after a demurrer to an answer, the plaintiff might serve a reply, of course, within twenty days.

The case of *White* v. *Mayor* is equally inapplicable. The only question there was, whether the plaintiff could amend his complaint more than once, as of course. It is quite clear, therefore, that the learned court, in its refusal to follow *Smith* v. *Laird*, was not fortified by the authorities cited, any more that it was by the formula that "a demurrer is one form of answer."

Looking at the question upon principle, it seems to us a somewhat whimsical misapplication of language to speak of amending a demurrer by an answer or of amending an answer by a demurrer. One can be *substituted for* the other but cannot be *amended into* the other. When an issue, whether of fact or law, is once raised, it must as such be disposed of. If you have demurred, you may amend your demurrer once. If you have answered, you may amend your answer once ; but you cannot, by amendment, change the legal status of the issue. In other words, you cannot by amendment turn an issue of law into an issue of fact, or an issue of fact into an issue of law ; that can only be done by withdrawing the one pleading and substituting the other, and this is the ordinary and well-established practice. For instance, when a demurrer to a complaint is overruled, after argument, the court usally gives the defendant leave not to amend, but to withdraw his demurrer and answer over ; but when the demurrer is sustained the plaintiff is given leave to amend his complaint. Again, if the demurrer to a counter-claim in an answer is overruled, the plaintiff is given leave, not to amend, but to withdraw his demurrer and reply. If, however, the demurrer is sustained, the defendant has leave to amend. The object of the statute, liberally permitting amendments, of course, within twenty days, is to enable parties to correct mistakes in their pleadings, and even to add to or otherwise perfect them. But they must do this *upon the legal lines adopted.* If they demur, they may thus perfect their case on the issue of law. If they answer, they may do likewise with regard to the issue of fact. If, however, they desire to abandon the legal issue in its fundamental character, and thus necessarily to withdraw their pleading and substitute in its place an equally well-defined pleading of an inherently different character, they must appeal to judicial discretion.

I see no reason, therefore, for deviating from the well-considered cases of *Smith* v. *Laird* and *Wise* v. *Gessner*, and the order should accordingly be affirmed, with costs.

BARTLETT, J., concurred.

VAN BRUNT, P. J.:

I concur in the foregoing opinion of Mr. Justice BARRETT. Sections 488 to 499, inclusive, distinctly recognize that a demurrer

and answer are different pleadings. They expressly provide that a demurrer shall perform an office which shall not be and cannot be done by answer. Sections 963, 964, 965, 966, further show that answer and demurrer are distinct and different pleadings, as they raise issues of an entirely different nature.

Order affirmed, with costs.