WYCKOFF, SEAMANS & BENEDICT (A CORPORATION) V. A. CUSHMAN BISHOP.

*Pleading—Demurrer—Frivolousness—Practice in circuit court.*

1. In averring the assignment to the plaintiff by a firm of the account sued upon, it is not necessary to specify the individual members comprising the firm.

2. Where, in a suit by an assignee upon an account due from the defendant to a copartnership, the assignment is averred to have been made by the firm, and the identity of the contract sued upon is so plain upon the face of the declaration that no other purpose could have been served by interposing a demurrer, on the ground that the names of the members of the firm are not stated, except that of a delay, no error is committed in holding the demurrer frivolous.

3. A plaintiff may, after joining in demurrer, move the court, at the proper time, for judgment on the ground that the demurrer is frivolous.

4. A judgment entered on the motion of the plaintiff on the ground of the frivolousness of a demurrer will not be reversed because the defendant was not allowed to plead over, where it does not appear from the record that he asked permission to do so, or that there was any showing made that he had a meritorious defense.

Error to Wayne. (Reilly, J.) Argued December 13, 1893. Decided January 5, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*John G. Hawley,* for appellant.

*Julian G. Dickinson* and *O. M. Leonard,* for plaintiff.

MONTGOMERY, J. The plaintiff, a corporation duly organized and existing under the laws of the state of New York, brought suit by declaration, alleging that defendant became and was indebted to the firm of Wyckoff, Seamans & Benedict for goods, etc., sold and delivered, and that said firm assigned this claim to the plaintiff. The defendant demurred on the sole ground that the declaration failed to state who are the persons or parties named in said declaration as the firm of Wyckoff, Seamans & Benedict. The plaintiff joined in demurrer, and thereupon entered a motion for judgment on the demurrer on the ground that the same was frivolous. The circuit judge granted the motion, and entered an interlocutory judgment for the plaintiff, and thereafter assessed plaintiff's damages, and entered final judgment.

Defendant appeals, and in his brief discusses three propositions:

1. That the demurrer was not only not frivolous, but well taken.

2. That plaintiff, having joined in the demurrer, waived any objection on the ground of frivolousness.

98 MICH.—23.

3. That, if the demurrer was not well taken, defendant should have been allowed to plead over.

1. Our attention has been called to no case in which it has been held that in averring the assignment of an account or the transfer of a note or bill from a firm to the plaintiff it is necessary to specify the individual members comprising such firm. In· pleading and practice a copartnership is recognized as a legal entity for many purposes, and in practice the method adopted by the plaintiff in this case is common. The rule that it is necessary to set out the full names of the parties to the record has no application. If the purpose be to apprise the defendant of the contract upon which the plaintiff relies as having been entered into by him, the designation of the copartnership by its firm name is quite as well calculated to furnish him with the information as would be the setting out of the names of the individual members. The cases cited by defendant's counsel are cases in which the plaintiff has failed to give his full name.[1] In such case, if the defendant prevails, judgment passes against the plaintiff, and could be entered against and bind the individual members of the firm. Such is not the case here.

It is a question of more difficulty to determine whether it may be said that the demurrer was so clearly without foundation as to justify the inference that it was interposed merely for delay. We are disposed to hold that the circuit judge committed no error in holding the demurrer frivolous. The identity of the contract upon which the plaintiff sued we think was so plain upon the face of the papers that no other purpose could be served by interposing a demurrer except that of a delay. In Green's Practice (page 203) it is said:

---

[1] *Smith v. Canfield,* 8 Mich. 493; *Barber v. Smith,* 41 Id. 138; *Fisher v. Northrup,* 79 Id. 287; *Bjorkquest v. Wagar,* 83 Id. 226.

" If the demurrer appears to be clearly without foundation, and interposed merely for delay, the plaintiff may, after joining in demurrer, move the court, at the proper time, for judgment on account of the frivolousness of the demurrer."

2. The above reference to Green's Practice would indicate that the practice pursued of making the motion to the court after joining in demurrer is proper, and that defendant's contention that the joinder in demurrer waived any objection on the ground of frivolousness is not tenable. The plaintiff is bound to join in demurrer within the time fixed by the rule, or he is liable to be defaulted. The opportunity for making the motion to the court may not occur until after the time has elapsed, and it would be a hardship if he should waive one right by preserving another. The joinder in demurrer comprises simply a statement that the declaration is sufficient in law. This is certainly not an admission that a demurrer which asserts that the declaration is insufficient may not be frivolous.

3. Should the defendant, under the circumstances of this case, have been allowed to plead over? The record does not show that the defendant asked permission to plead over, or that there was any showing that he had a meritorious defense. It is not a matter of right for a defendant to plead over after a demurrer has been overruled, particularly when it is determined that the demurrer is frivolous. While we do not intimate that an abuse of discretion might not be reviewed, we do not think that there was any abuse of discretion in the present case. In the case of *Tefft v. McNoah*, 9 Mich. 201, the defendant's counsel immediately asked leave to plead over, which was not done in the present case. We cannot presume that, had such a request had been made, it would have been refused, particularly if accompanied by a showing of merits. In Shinn's Practice (section 687) it is said:

. "If the pleader does not ask permission, the inference may justly be drawn that he is unable to produce the evidence, and that the fact is as alleged in the pleading."

See, also, *Bissell v. Spring Valley Township*, 124 U. S. 232, and cases cited.

The judgment will be affirmed, with costs.

The other Justices concurred.

