### CROWLEY v. LA BRAKE.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

1. PLEADING (§ 211*)—DEMURRER—ORAL DEMURRER.

   To support an interlocutory judgment, a demurrer must be in writing, and not oral.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 472, 481; Dec. Dig. § 211.*]

2. PLEADING (§ 199*)—DEMURRER—TIME OF FILING.

   Code Civ. Proc. § 487, provides that defendant's only pleadings are either a demurrer or an answer. Section 499 provides that, if the objections allowed to the complaint be not taken by demurrer or answer, defendant is deemed to have waived them, except the objection to jurisdiction or for not stating a cause of action; and section 492 permits a defendant to demur to the whole complaint, or to one or more separate causes of action therein, in which latter case he may answer the causes not demurred to. Held, that an answer and a demurrer are distinct pleadings, and both cannot be interposed to the same complaint, except where more than one cause of action is alleged, so that a demurrer, as such, cannot be interposed after answer, though defendant may move at trial to dismiss the complaint because facts sufficient to constitute a cause of action are not stated.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 464–469; Dec. Dig. § 199.*]

3. PLEADING (§ 239*)—AMENDMENT—COSTS.

   If an amendment of the complaint by the referee did not change the cause of action, and was merely technical, which the referee had power to grant, it was properly granted without the imposition of terms.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 630; Dec. Dig. § 239.*]

4. MOTIONS (§ 30*)—PAPERS CONSIDERED—PAPERS NOT SERVED.

   Stenographer's minutes which were not served as a part of motion papers, should not be considered in passing upon the motion.

   [Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 39–41; Dec. Dig. § 30.*]

5. APPEAL AND ERROR (§ 1043*)—HARMLESS ERROR—MOTIONS—HEARING.

   Error in considering a stenographer's minutes in passing upon a motion, when they were not served as a part of the motion papers, was harmless, where the supporting affidavits fully showed the situation as shown by the stenographer's minutes.

   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1043.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Franklin County.

Action by Michael Crowley against Louis La Brake. From an order granting leave to serve an amended complaint, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

Henry E. Miller, for appellant.

Andrew J. Hanmer, for respondent.

HOUGHTON, J. After issue had been joined by the service of an answer, the parties stipulated for a reference to hear and determine. On the cause coming on for trial before the referee, the defendant orally demurred to the third cause of action, on the ground that it did not state facts constituting a cause of action, because it was not stated that the plaintiff paid the note in question in pursuance of his guaranty, or became the owner of the note before the action was commenced. The referee sustained the demurrer, and directed the entry of an interlocutory judgment thereon, which was done. Counsel for plaintiff insisted that the complaint needed no amendment, but asked, if the referee thought it did, to be permitted to insert appropriate words showing that the transactions took place before the commencement of the action. After the entry of the alleged interlocutory judgment, the plaintiff moved to be permitted to serve an amended complaint, amplifying the same cause of action which had previously been set forth, which the court granted upon payment of $10 costs only, and from which order the defendant now appeals.

[1, 2] The plaintiff was justified in ignoring the alleged interlocutory judgment, founded upon an oral demurrer interposed at the trial after answer. A demurrer upon which an interlocutory judgment can be founded must be in writing, and in case a defendant desires to demur to a complaint he must do so, and have the issue of law thus raised disposed of before answer. Code Civ. Proc. §§ 487, 499. Answer and demurrer are distinct pleadings raising different issues (Cashman v. Reynolds, 56 Hun, 333, 9 N. Y. Supp. 614), and a defendant cannot interpose both to the same complaint, except that where more than one cause of action is stated he may demur to one and answer to the other (Code Civ. Proc. § 492). By interposing an answer he does not waive the objection to the jurisdiction of the court, or the objection that the complaint does not state facts sufficient to constitute a cause of action. Code Civ. Proc. § 499. Where he has answered, however, it is too late to interpose a demurrer as such; but on the cause coming on for trial he may move to dismiss the complaint or the particular cause of action on the ground that facts sufficient to constitute a cause of action are not stated. Kelly v. Security Mutual Life Ins. Co., 186 N. Y. 16, 18, 78 N. E. 584. The defendant did not make such a motion, but demurred orally, and an interlocutory judgment was directed to be entered.

[3] The learned court at Special Term was correct in not imposing costs by reason of the pretended interlocutory judgment. The terms upon which the amendment was permitted were sufficient. The origi-

nal complaint needed no amendment. But, if it did, the amendment was merely technical, and in no way changed the cause of action, and was one which the referee had power to grant, and which he should have granted without the imposition of any terms whatever. The defendant's claim of surprise was unwarranted, because his answer contained no general denial, but consisted of the affirmative defenses of payment and lack of consideration only.

Nor was the plaintiff guilty of laches. He made his motion as soon as he could reasonably be expected to comprehend the extraordinary practice which the defendant pursued.

[4, 5] The stenographer's minutes were not served as part of the motion papers, and, strictly speaking, they should not have been considered. Their consideration did no harm, however, for the affidavits fully showed the situation. The plaintiff complied with the rule by serving a copy of the proposed amended complaint with his moving papers, and the defendant was thereby apprised of the amendment desired.

The order should be affirmed, with $10 costs and disbursements. All concur.