THE THOMAS MANUFACTURING COMPANY, a Corporation,
v. O. A. ERLANDSON and A. Erlandson, Copartners Doing
Business under the Firm Name and Style of the Erlandson Lum-
ber Company.

(155 N. W. 652.)

Defendants were served with the summons and complaint in this action the
5th of August, 1913. September 12, 1913, they appeared by attorney and de-
manded a bill of particulars. After argument such demand was refused, and
defendants were given ten days in which to file an answer. Instead of comply-
ing with the order, defendants on the 3d of October, 1913, interposed a demurrer
raising substantially the same grounds covered by the motion. Plaintiff then
moved to strike the demurrer as frivolous. This notice failed to state any day
of any month or year for its return, but merely that it was returnable before
district judge at the village of Mott on Wednesday at 1 o'clock P. M., or as soon
thereafter as counsel could be heard. The attorney upon whom this notice
was served, however, was told at the time that said motion was returnable
October 15, 1913, and was invited by plaintiff's attorney to ride with him in
his automobile to said hearing. Only two terms are held each year in Mott,
and the dates thereof are fixed by law. The motion to strike the demurrer was
not opposed and was allowed by the trial court. Under the circumstances, it is
*held:*

Demurrer — motion to strike — notice — time and place — default — appear-
ance — attorneys — pleadings — terms of court.

1. That the defendants were duly apprised of the return day of the motion to

strike the demurrer and were not justified in allowing the matter to go by default.

**Answer — extension of time — court — order of granting — demurrer.**

2. The filing of a demurrer was in violation of the order which allowed the filing of an answer.

**Demurrer — frivolous — without leave of court — striking — motion for — merits — pleading.**

3. It was not error to strike the demurrer as frivolous because (a) defendants had not obtained leave of court to interpose such demurrer; (b) the complaint was not upon its face demurrable; and (c) defendants were in default and presented no affidavit of merits.

The order of the trial court refusing to vacate said default judgment is affirmed.

Opinion filed November 26, 1915.

Appeal from the District Court of Adams County, *Crawford,* J. Affirmed.

*E. C. Wilson,* for appellants.

Defendants had the right to demur, under the leave of the court granted them to serve answer; answer means to plead over. They were entitled to notice of the motion to strike their demurrer. Rev. Codes 1905, §§ 7330, 7335, Comp. Laws 1913, §§ 7950, 7955.

Defendant's demurrer should have been sustained, and therefore it was not frivolous. Friesenhahn v. Merrill, 52 Minn. 55, 53 N. W. 1024.

A demurrer should not be stricken out where there is room for debate as to the sufficiency of the pleading to which demurrer is directed, or where an attorney of ordinary intelligence might have interposed a demurrer in good faith. Hatch & E. Co. v. Schusler, 46 Minn. 207, 48 N. W. 782; Dunnell's Minn. Dig. Pl. No. 656; Olsen v. Cloquet Lumber Co. 61 Minn. 17, 63 N. W. 95; Jaeger v. Hartman, 13 Minn. 55, Gil. 50; State v. Torinus, 22 Minn. 272; Perry v. Reynolds, 40 Minn. 499, 42 N. W. 471; Hurlburt v. Schulenburg, 17 Minn. 22, Gil. 5; Morton v. Jackson, 2 Minn. 219, Gil. 180.

Striking a demurrer as frivolous is in effect the same as overruling it after argument, and in either event the demurrant should be allowed to plead over. Friesenhahn v. Merrill, 52 Minn. 55, 53 N. W. 1024; Dunnell's Minn. Dig. Pl. 657; Malone v. Roby, 62 Wis. 459, 22 N. W.

575; Diggle v. Boulden, 48 Wis. 477, 4 N. W. 678; Potter v. Holmes, 74 Minn. 508, 77 N. W. 416.

The corporate existence of the plaintiff should have been alleged, and the omission of such allegation is fatal. Further, two distinct causes of action cannot be pleaded as one. Rev. Codes 1905, § 7361; Bliss, Code Pl. §§ 246, 258; State v. Chicago, M. & St. P. R. Co. 4 S. D. 261, 56 N. W. 894.

In actions to recover the value of services or property, there must be an allegation of the value of same. Jasper v. Hazen, 2 N. D. 401, 51 N. W. 583; Maxwell, Code Pl. p. 88; Elliott v. Caldwell, 43 Minn. 357, 9 L.R.A. 52, 45 N. W. 845; Hewitt v. Brown, 21 Minn. 163; Dean v. Leonard, 9 Minn. 190, Gil. 176; Starkey v. Minneapolis, 19 Minn. 203, Gil. 166; Gaar, S. Co. v. Fritz, 60 Minn. 346, 62 N. W. 391.

"The statement of indebtedness is but a conclusion of law." Bliss, Code Pl. 335, citing Lienan v. Lincoln, 2 Duer, 670; Bowen v. Emmerson, 3 Or. 452; Pom. Code Rem. 544; Moore v. Hobbs, 79 N. C. 535; Foerster v. Kirkpatrick, 2 Minn. 210, Gil. 171; Holgate v. Broome, 8 Minn. 243, Gil. 209; Keller v. Struck, 31 Minn. 466, 18 N. W. 280; Bowen v. School Dist. 10 Neb. 265, 4 N. W. 981.

The term, "there is now due and owing," in such an action as this one, is but a conclusion, and not a statement of any fact. Pioneer Fuel Co. v. Hager, 57 Minn. 76, 47 Am. St. Rep. 574, 58 N. W. 828; Stephens' Pl. § 53, and note; Penn Mut. L. Ins. Co. v. Conoughy, 54 Neb. 123, 74 N. W. 422.

*Boehm & Jackson,* for respondent.

Default judgment cannot be set aside without an affidavit of merits and the showing of a good defense on its face. Black, Judgm. § 324; Hingtgen v. Thackery, 23 S. D. 329, 121 N. W. 839; Whitbread v. Jordan, 1 Younge & C. Exch. 303, 4 L. J. Exch. in Eq. N. S. 38; Doyle v. Teas, 5 Ill. 250; Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 25, 84 N. W. 581; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 391; Braseth v. Bottineau County, 13 N. D. 344, 100 N. W. 1082; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228; Johannes v. Coghlan, 23 N. D. 588, 137 N. W. 822.

Notice to an attorney who has appeared is notice to his client. Melms v. Pabst Brewing Co. 93 Wis. 153, 57 Am. St. Rep. 914, 66 N. W. 518; Point Pleasant v. Greenlee, 63 W. Va. 207, 129 Am. St. Rep. 971, 60 S. E. 601.

A writ attested on the first day of the month and made returnable on the first Monday of said month is not void. If it is sufficiently clear that a person of ordinary intelligence could read and understand the date actually meant, it is sufficient. Culver v. Brinkerhoff, 180 Ill. 548, 54 N. E. 585; Greenleaf v. Roe, 17 Ill. 474; Scales v. Labar, 51 Ill. 232; Constantine v. Wells, 83 Ill. 192; Powell v. Clement, 78 Ill. 20.

Where a movant fails to show any defense, and it clearly appears that the demurrer was filed for delay, no relief will be granted. Curry v. Janicke, 48 Kan. 168, 29 Pac. 319; Day v. Mertlock, 87 Wis. 577, 58 N. W. 1037; 3 Am. & Eng. Enc. Law, § 286.

Defendant's appearance and taking part in the motion to reopen the default was in effect an argument on the original motion for judgment, and constituted notice. Gray v. Gates, 37 Wis. 614; Grantier v. Rosecrance, 27 Wis. 488.

If there was any irregularity in the original motion to strike the demurrer, it was waived by such after appearance, motion, and argument. Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Henry v. Henry, 15 S. D. 80, 87 N. W. 522; Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252.

The joining of several causes of action does not necessarily render a complaint demurrable. Randall v. Johnstone, 20 N. D. 493, 128 N. W. 687; 31 Cyc. 117; 23 Cyc. 376; Rev. N. D. Codes 1905, § 6870; Larson v. Great Northern R. Co. 108 Minn. 519, 121 N. W. 121; Dickerson v. Hamby, 96 Ark. 163, 131 S. W. 674; Cone v. Ivinson, 4 Wyo. 203, 33 Pac. 31, 35 Pac. 933; 6 Enc. Pl. & Pr. 386; Erickson v. Child, 87 Minn. 487, 92 N. W. 1130; Wyckoff, Seamans & Benedict v. Bishop, 98 Mich. 352, 57 N. W. 170.

A plainly frivolous demurrer will be stricken out. Morgan v. Harris, 141 N. C. 358, 54 S. E. 381.

BURKE, J. On the 5th day of August, 1913, the defendant Erlandson was personally served with the summons and complaint in this action. The complaint reads as follows:

The plaintiff complains and alleges:

I. For a first cause of action that the plaintiff is a corporation duly

organized and existing under and by virtue of the laws of the state of Ohio.

II. That the defendants, O. A. Erlandson and A. Erlandson, are co-partners, doing business under the fictitious firm name and style of the Erlandson Lumber Company, with their main office in the village of Hettinger, Adams county, North Dakota.

III. That on or about the 10th day of August, 1910, the plaintiff and the defendants herein entered into an agreement and contract in writing by which the plaintiff agreed to sell and deliver and the defendants agreed to purchase and accept 60 Thomas grain drills, said drills to be delivered to said defendants between the 1st day of January, 1911, and the 20th day of September, 1911.

IV. That thereafter by mutual agreement between the plaintiff and the defendants herein, and before the delivery of the said grain drills, said agreement or contract was modified wherein the plaintiff agreed to deliver and the defendants agreed to accept 45 Thomas grain drills to be delivered to said defendants at the same time as above specified for the said 60 grain drills.

V. That between the 11th and the 20th days of January, 1911, pursuant to the said contract and agreement the plaintiff delivered to the said defendants the said 45 Thomas grain drills, amounting in all to the sum of three thousand eight hundred fifty-nine dollars ($3,-859), and in addition thereto at the same time certain extras for said drills amounting to the sum of sixty-five dollars ($65), amounting in all to the sum of three thousand nine hundred twenty-four dollars ($3,-924), no part of which has ever been paid except as hereinafter stated, the same being long past due.

VI. For a second cause of action, the plaintiff alleges the foregoing preliminary statement of facts, and further alleges that between the 20th day of January, 1911, and the 19th day of August, 1911, the plaintiff sold and delivered to the said defendants at their special instance and request certain repairs for the said drills amounting in all to the sum of two hundred forty-seven and 39/100 dollars ($247.39), no part of which has ever been paid except as hereinafter stated, the same being now past due and payable.

VII. For a third cause of action herein the plaintiff alleges the foregoing preliminary statement of facts, and further alleges that on or

about the 2d day of March, 1911, at the special instance and request of said defendants, the plaintiff sold and delivered to said defendants certain hay tools and implements amounting in all to the sum of six hundred twenty-eight dollars ($628), no part of which has ever been paid except as hereinafter stated, the same being past due and payable.

VIII. That there is now due and owing to the plaintiff from the said defendants on account of the above and foregoing causes of action the sum of four thousand seven hundred ninety-seven and 39/100 dollars ($4,797.39), less the sums of one thousand seven hundred thirteen and 25/100 dollars ($1,713.25), credits allowed defendants for cash paid during the months of February, April, and June, 1911, and October, 1912, together with storage for one year on certain machinery of said plaintiff now in charge of the defendants, together with interest thereon at the rate of 8 per cent per annum according to said agreement from and after November 1, 1911.

Wherefore, plaintiff demands judgment against said defendants and each of them for the sum of three thousand eight-four and 14/100 dollars ($3,084.14), together with interest thereon at the rate of 8 per cent per annum from and after November 1, 1911, with its costs and disbursements.

On the 12th day of September, E. C. Wilson, a member of the bar of this state, filed his general appearance on behalf of both of the defendants. At the same time he served upon plaintiff's attorneys a notice of motion to make said complaint definite and certain, which motion was in the following words:

"Take notice, that at chambers in Dickinson, North Dakota, on Wednesday the 27th day of August, 1913, at the hour of 3 o'clock in the afternoon of that day, defendants will make a motion to said court and therein ask that the complaint in the above-entitled action be amended by making the same more definite and certain, in the respects, to wit:

"First: As to whether the grain drills mentioned in paragraphs III. and IV. were contracted for at an agreed price, or whether the charges therefor are the reasonable values thereof.

"Whether the price or value of each drill is the same, and, if not the same, then by stating the different values and prices.

"Naming the state in which the agreement and contract mentioned in paragraph III. was entered into.

"Naming the place where the delivery of the drills mentioned in paragraph V. was made.

"Second: Stating the true firm name and style of the defendants, in place of the 'fictitious' name and style as alleged in paragraph II. of the complaint.

"Third: As to whether or not it is the claim of the plaintiff, that defendants bought the 'certain extras' referred to in paragraph V., and, if so, then whether same were so bought under a contract, or were simply delivered at the request of the defendants, and whether the price that is charged therefor is the agreed price or is the reasonable value thereof.

"Fourth: What is meant by the words 'foregoing preliminary statement of facts' as used in paragraph VI., and as to whether the $247.30 there named is the agreed price of the repairs there mentioned or is the reasonable value thereof.

"Fifth: What is meant by the words 'foregoing preliminary statement of facts' as same are used in paragraph VII., and what is meant therein by the words, 'certain hay tools and implements,'—whether they be pitchforks or hay-tedders, and as to the number of each for which recovery is sought, and as to whether the $628 there mentioned is a contract price or is the reasonable value of such tools and implements.

"Giving the number and kind of each of such tools and implements and the price or value of each.

"Sixth: At what place or places and in what state, plaintiff delivered to defendants the various extras, repairs, tools, and implements mentioned in said complaint.

"Seventh: As to whether or not the plaintiff was a corporation at the various times of entering into the contract and agreement, and the delivering of the various articles of personal property named in the complaint.

"Eighth: As to whether or not the defendants were doing business under a firm name or style, at the time they entered into the agreement and contract and ordered and received the various articles of personal property, and, if so, whether they acted under their fictitious names or in their true name and style as a copartnership."

After argument before the trial court, said motion was denied and

an order entered which, among other things, recites that it is "ordered that the motion of the defendants be and the same is in all things denied and overruled, and that the plaintiff have ———— dollars costs in said motion, and that said defendants serve their said answer to said complaint within ten days from the service of this order."

Defendants did not serve any answer, but on the 3d of October interposed a demurrer to the complaint upon the ground that several causes of action had been improperly united, and that said complaint did not state facts sufficient to constitute a cause of action. The following day plaintiff's attorneys served upon said E. C. Wilson a motion for judgment upon the pleadings in the following language:

"Please take notice that upon the pleadings heretofore served herein, the plaintiff will move the honorable district court in and for Adams county, North Dakota, at the village of Mott, in the county of Hettinger in said state, on Wednesday at 1 o'clock P. M. on said day, or as soon thereafter as counsel can be heard, for an order striking out the demurrer of the defendants herein, as sham, frivolous, and irrelevant, and made for the purpose of delay, and made contrary to the order of the court herein issued on the 23d day of September, 1913, in said cause, and for judgment on the pleadings or such other and further order or relief as the court may grant."

Wilson indorsed thereon the following:

"Due personal service of the within notice of motion admitted this 4th day of August, 1913. E. C. Wilson, Defendants' Attorney."

One of plaintiff's attorneys also filed an affidavit to the effect that at the time of the service of said notice he informed said attorney that October 15, 1913, was the date set for the hearing of the same at Mott, Hettinger county, North Dakota, where the district judge would then be holding a term of court, and that on the 14th of October, the day before the date set for said hearing, plaintiff's attorney went to the office of the defendants' attorney and asked him to ride in his automobile to Mott with him the next morning for the hearing, but that said Wilson replied that he did not have the time to go to Mott. Upon the hearing on said October 15, 1913, the trial court made the following order:

"On reading and filing the pleadings in this action, and the notice of this motion duly served on the attorney for the defendants, E. C. Wilson,

and after hearing Boehm & Jackson, attorneys for the plaintiff, and no one appearing in opposition thereto:

"Ordered, That the demurrer of the defendants herein be stricken out as frivolous; that the plaintiff have judgment for the relief de-, manded in the complaint, with the costs of this motion taxed at ——— dollars, and the costs of this action to be taxed by the clerk."

Judgment was duly entered upon this order, whereupon defendants' attorney applied to the court to vacate such order and judgment. This application is based upon the affidavit of E. C. Wilson, who states that he is and has at all times been attorney for the defendants above named. That he, nor either of said defendants, had never known of said order until November 5th; that said defendants have a good and valid defense on each and every cause of action attempted to be set up in the complaint on the merits; that defendants have acted in good faith in every move, etc.; that the said demurrer was interposed because of an understanding upon affiant's part that the questions which he had attempted to raise in his motion to make the complaint more specific should have been raised in this manner; that the notice to strike his demurrer as frivolous was not returnable upon any day certain. This affidavit was opposed by one of plaintiff's attorneys, giving the facts which we have already outlined. There is, however, no disputed question of fact arising upon the two affidavits. The trial court refused to vacate said motion and this appeal follows.

Appellant in his brief calls attention to the fact that a large amount of money is involved in the litigation; claims that his clients were acting in good faith without negligence, as they thought, and were seeking to be informed as to what the plaintiff was suing them for and upon what contracts; that they had a right to demur in the order of court which allowed them to answer within ten days; that they are entitled to notice of motion to strike the demurrer; and that, in truth, the demurrer was not sham nor frivolous.

(1) The first question for consideration is whether or not the notice served upon the defendants' attorney was sufficient to apprise him of the motion to strike his demurrer. It will be noted that the only return date mentioned was Wednesday at 1 o'clock P. M. of said day. However, the notice states that it was on for hearing at the village of Mott in the county of Hettinger of said state, and contained addi-

tional proviso that said motion would be brought on as soon thereafter as counsel could be heard and the affidavit of plaintiff's attorneys, that at said time and place he told defendants' attorney that the 15th of October was the date, and has not in any manner been contradicted. Defendants' attorney also knew that a term of court would be in progress at said time and place, and there is little doubt in the minds of this court that he knew, or with very slight effort could have learned, of the exact date of the return of the motion. He was, therefore, not justified in allowing the matter to go by default. See: 1 Black. Judgm. § 324; Hingtgen v. Thackery, 23 S. D. 329, 121 N. W. 839; Whitbread v. Jordan, 1 Young & C. Exch. 303, 4 L. J. Exch. in Eq. N. S. 38; Doyle v. Teas, 5 Ill. 250; Point Pleasant v. Greenlee, 63 W. Va. 207, 129 Am. St. Rep. 971, 60 S. E. 601; Curry v. Janicke, 48 Kan. 168, 29 Pac. 319; Day v. Mertlock, 87 Wis. 577, 58 N. W. 1037; Gray v. Gates, 37 Wis. 614; Grantier v. Rosecrance, 27 Wis. 488; Whitmore v. Behm, 22 N. D. 280, 133 N. W. 300, and cases cited, therein.

(2) Were the defendants as a matter of right entitled to file their demurrer rather than an answer? It will be remembered that they had attempted to have the complaint made more specific and had failed, but were given ten days in which *to answer*. In violation of this order, however, this demurrer was interposed, and the question arises whether or not the permission to answer necessarily included permission to demur.

In Cashman v. Reynolds, 56 Hun, 333, 9 N. Y. Supp. 614, it is held otherwise. To the same effect is Kelly v. Downing, 42 N. Y. 71; Newton v. White, 42 Iowa, 608; and we fully agree with the decisions therein announced.

The defendants were, therefore, in default at the time the judgment was entered against them, and should have made their application under the statutes governing in such cases.

(3) Appellant insists that it was error to strike out the demurrer as frivolous, even though he were in default of an answer. Three replies can be made to this contention, either one to our minds conclusive. First, defendants had not obtained leave of court to interpose this demurrer, and, second, the complaint was not upon the merits vulnerable. This demurrer covered exactly the same grounds as the

motion to make more definite, and was, therefore, frivolous.    6 Enc.
Pl. & Pr. 346.

Erickson v. Child, 87 Minn. 487, 92 N. W. 1130 ; Wyckoff, Seamans
& Benedict v. Bishop, 98 Mich. 352, 57 N. W. 170.

Third, the application of the defendants to reopen the case contained
no affidavit of merits.

The order of the trial court is accordingly affirmed.